CITY OF TEXARKANA v. SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY.

Decided November 30, 1907.

1.—Telegraph and Telephone Companies—Occupation of Streets—Statutes Construed.

The Legislature did not intend by granting to city councils the exclusive control of streets, alleys and public grounds within their corporate limits,

as provided by article 419, Revised Civil Statutes, to set at naught the authority previously given by it to telegraph and telephone lines to occupy such highways with their poles, piers, wires, etc., as provided by article 698 of said statutes. The public highways of the State, including the streets and alleys within incorporated cities and towns, belong to the State, and the supreme power to regulate and control them is lodged with the people acting through the Legislature.

**2.—Powers—Delegation.**

Even if the exclusive power over the streets and alleys in a city or town had been granted by the Legislature to the city council of cities and towns, the council could not delegate the power to an officer of the city. Hence a city ordinance vesting in the city marshal the authority to issue permits to erect poles in the streets when the same were deemed necessary by him, would be void.

**3.—Trial without Jury—Incompetent Testimony—Harmless Error.**

When a trial is before the court without a jury, and testimony is admitted which might be subject to the objection that it embodied conclusions of the witnesses, the error is harmless, especially when the witnesses detail the facts upon which they base their conclusions.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*F. M. Ball, H. W. Vaughan* and *Rollin W. Rodgers,* for appellant. —The court erred in its first conclusion of law, "That the ordinance adopted October 6, 1903, is null and void," said ordinance providing for obtaining a permit before digging in or disturbing the surface of any street in said city, because the testimony shows that said ordinance is reasonable in its terms, and was duly and legally adopted and put into effect by the city council, and same was a proper and reasonable exercise of its charter and police powers over the streets of said city. Rev. Stats., arts. 419, 420, 426, 464; Hoefling v. San Antonio, 85 Texas, 231; Ex parte Gregory, 20 Texas Crim. Rep., 216; Ex parte Canto, 21 Texas Crim. Rep., 63; Chimene v. Baker, 32 Texas Civ. App., 520; Newson v. Galveston, 76 Texas, 561; McDonell v. I. & G. N. Ry., 60 Texas, 595.

The court erred in its second conclusion of law, "that under the general laws of the State of Texas, relating to telegraph and telephone business, the defendant has the right and authority to construct and maintain its poles and wires in and upon the streets and highways of plaintiff city, and to use and occupy the same therefor, and that such is not dependent upon the consent or permission of the city council of said city," because such rights are not granted to the defendant telephone company under the laws of the State of Texas, and the exclusive power and control over the streets and alleys, highways and public places are by law delegated to and conferred upon said city under its charter. Constitution, art. 1, sec. 17, 1876; Act March, 1875, art. 419, Revised Statutes, 1895; Act April, 1874, art. 698 et seq., Rev. Stats., 1895; art. 650, and art. 745, Rev. Stats., 1895; arts. 419, 420, 426 and 464, Rev. Stats., 1895; Corsicana v. Zorn, 97 Texas, 317; Scott v. Marlin, 25 Texas Civ. App., 353; Wootters v. Crockett, 11 Texas Civ. App., 474; St. Louis

v. Western Union Tel. Co., 149 U. S., 465; 37 L. ed., 810; Blair v. Chicago, 201 U. S., 400.

Statutory construction: Erwin v. Blanks, 60 Texas, 583; Lufkin v. Galveston, 63 Texas, 438; Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Texas, 657; Bateman v. Maddox, 86 Texas, 553; McKenzie v. Baker, 88 Texas, 676; Mitchell County v. City Nat. Bank, 91 Texas, 374; Dallas County v. Plowman, 99 Texas, 509; Davis v. State, 2 Texas Crim. App., 428.

Charters subject to legislative control: Constitution, 1876, art. 1, sec. 17; Rev. Stats., art. 650; Storrie v. Houston City St. Ry., 92 Texas, 142; Mitchell County v. City Nat. Bank, 91 Texas, 374; People v. Squire, 145 U. S., 175; State v. Murphy, 31 S. W. Rep., 594.

Appellee having no franchise or permission from appellant, could acquire no rights in the streets by reason of its unauthorized use and encroachments thereon, and appellant could assert its authority at any time and compel appellee to vacate its streets. St. Louis v. W. U. Tel. Co., 148 U. S., 92; Charlotte v. Pembroke Iron Works, 8 L. R. A., 828, and note; Pillsbury v. Brown, 9 L. R. A., 94.

*McLaurin & Wozencraft* and *Hart, Mahaffey & Thomas,* for appellee.—The ordinance in question is void for the following reasons:

1st. It vests in the city marshal the discretion of determining whether the work upon the streets for which a permit is required is necessary. This being a power which can be exercised, if at all, alone by the city council, and can not be delegated.

2d. The ordinance levies a tax without authority of law.

3d. It vests in the city marshal the power to collect a tax or license fee when that authority alone can be exercised by the city collector.

4th. The ordinance is void as to telegraph and telephone companies, because it places a burden upon and forces them to pay for doing that which they have a right to do under the statute of Texas. Galveston & W. Ry. Co. v. Galveston, 90 Texas, 398; Gulf, Colorado & Santa Fe Ry. Co. v. Riordan, 22 S. W. Rep., 519; Bennison v. Galveston, 18 Texas Civ. App., 22; Austin v. Austin Cemetery Association, 87 Texas, 336; Denison & P. Ry. Co. v. James, 20 Texas Civ. App., 361; Dillon on Mun. Cor., secs. 96, 779; Waters-Pierce Oil Co. v. McElroy, 47 S. W. Rep., 275; Philadelphia v. Empire P. Ry. Co., 177 Pa., 382; Council Bluffs v. Kansas, St. J. & C. B. Ry. Co., 24 Am. Rep., 773.

Article 419, Revised Statutes, which confers upon city councils of cities incorporated under the general laws of the State exclusive control and power over the streets of said cities does not repeal art. 698, Revised Statutes, which gives telegraph and telephone companies the right to construct their lines in such streets without the consent of the municipality. Such exclusive control and power so conferred upon the city council is subject to the general laws of the State in regard to the use of said streets for telegraph and telephone purposes. Sayles' Civil Statutes, art. 698; San Antonio & A. P. Ry. Co. v. Southwestern Tel. & Tel. Co., 93 Texas, 313; 2

Dillon on Mun. Cor., sec. 683; Michigan Tel. Co. v. The City of Benton Harbor, 47 L. R. A., 104; City of Memphis v. Postal Tel. & Cable Co., 139 Fed. Rep., 708; Ruttles v. The City of Covington, 10 S. W. Rep., 644; State v. Wofford, 90 Texas, 519-20; Galveston & W. Ry. Co. v. Galveston, 36 L. R. A., 33; Council Bluffs v. Kansas, St. J. & C. B. Ry. Co., 24 Am. Rep., 773; 27 Am. & Eng. Ency. L. (2d ed.), 1006.

SPEER, ASSOCIATE JUSTICE.—Appellant, a municipal corporation under the general laws of the State, as plaintiff below, sought an injunction against appellee to restrain it from using and occupying the streets and alleys of said city with poles, wires and other appliances used by it in the operation of a local and long distance telephone exchange system, alleging that the use and occupation of its said streets and alleys was without its consent and over its protest and in defiance of the authority of its city council. Appellee answered alleging that it entered upon and occupies said streets and alleys by authority of the statute laws of the State of Texas and had a right to so use them without the permission or consent of appellant, and prayed for an injunction restraining appellant from removing its poles, wires, etc., from said streets and alleys. Appellee also attacked the validity of a certain ordinance relating to digging in the streets which appellant was seeking to enforce against it. There was a trial before the court without the intervention of a jury and judgment rendered refusing the relief prayed for by appellant and granting that sought by appellee.

The findings of fact filed by the trial court are as follows:

1. I find that the plaintiff is a city of more than one thousand and less than ten thousand inhabitants, incorporated under the general laws of the State of Texas for the incorporation of such cities, and that it was incorporated as such city in the year 1877 and has existed as such municipal corporation since said date until this time.

2. That the defendant is a corporation organized under the laws of the State of New York, having been incorporated in the year 1882, and continued as such incorporation to this time, with authority to construct, maintain and operate telegraph and telephone lines in the States of New York, Arkansas and Texas, and that on September 16, 1899, it filed its charter in the office of the Secretary of the State of Texas, and complied with the laws of the State of Texas relating to such matters, and duly obtained a permit to do business in the State of Texas for the purpose of telegraphing and telephoning, as authorized in its charter.

3. That the said defendant during or before the year 1887 entered upon the streets of the city of Texarkana, Texas, and constructed its poles, wires and fixtures along and over the same and began to do a telephoning business, furnishing telephones for public use in said city, and has continued to maintain and operate said telephone system in plaintiff's city ever since said time, and is now so conducting the same with the knowledge and acquiescence of said city.

4. That in 1898 the defendant presented to said plaintiff city

council a petition for permission to place its poles inside of the curb lines of the sidewalks along Broad Street in plaintiff city, stating that it had been granted a franchise and privilege of erecting its poles and lines in said city, which petition was accepted and granted upon motion in the council of plaintiff city, on May 2, 1898.

5. That on June 6, 1898, there were no other telephone lines in plaintiff city except the telephone lines of the defendant, and that on said June 6, 1898, plaintiff's city council passed an ordinance requiring the owners of all telegraph, telephone and electric poles and all obstructions of a similar character in and upon Broad Street of plaintiff city to be removed at the expense of the owners thereof and placed within the curb lines of the sidewalks along said street.

6. That on the 6th day of October, 1903, plaintiff's city council passed and adopted and put into effect an ordinance providing that it should be unlawful for any person, firm or corporation, to disturb the surface of any street, alley or sidewalk in said city, by digging, boring, cutting or removing earth or other surface without the written consent of the city marshal, and providing a fine of any sum not less than five nor more than one hundred dollars for each violation of the same, and further providing that the city marshal should charge fifty cents for each such permit, and collect such sum and return the same to the city treasurer monthly.

7. That on the 6th day of February, 1906, the city council of plaintiff city, without notice to the defendant, duly passed and adopted a resolution ordering and directing the defendant to remove within ten days thereafter from the street and alleys and highways of Texarkana all of its poles, wires and other incumbrances on said streets, except those used solely and exclusively for the purposes of long distance traffic and business, as defined in said resolution, and authorizing and directing the city attorney and city marshal of said city to take such steps and action in or out of court to carry out and make effective such resolution, a certified copy of which resolution was thereafter, on the 10th day of February, 1906, served on the defendant.

8. I find as a fact that the defendant, the Southwestern Telegraph and Telephone Company, is now using and occupying the streets, alleys and highways of the city of Texarkana, Texas, without having a franchise from the city council of said city therefor, and that it has never had such franchise from said city council, but it has occupied the streets of said city since 1887 with the knowledge and acquiescence of said city council.

9. I further find that the plaintiff by its officers is threatening to enforce the ordinance passed October 6, 1903, by arresting and prosecuting the agents and employes of defendant if they attempt to set poles in the streets of plaintiff.

10. I find that the poles of defendant are set with proper care and of good material and they do not incommode the use of said streets in any manner.

We adopt the trial court's findings of fact and proceed to deter-

mine whether or not they authorize the judgment rendered. A solution of the most vexed question presented on the appeal depends upon the construction of the statutes authorizing magnetic telegraph lines to occupy the public roads, streets, etc., in this State, on the one hand, and that granting to the city council of incorporated cities and towns the exclusive control and power over the streets, alleys, etc., of the city, on the other hand. Article 698, Sayles' Texas Civil Statutes, reads: "Corporations created for the purpose of constructing and maintaining magnetic telegraph lines are authorized to set their poles, piers, abutments, wires and other fixtures along, upon and across any of the public roads, streets and waters of this State, in such manner as not to incommode the public in the use of such road, streets and waters." It has been held by our Supreme Court that the term "magnetic telegraph lines" contained in the above article is broad enough to and does include telephone lines—the latter being but another method of accomplishing the one purpose—the transmission of messages by electricity. San Antonio & A. P. Ry. Co. v. Southwestern Tel. & Tel. Co., 93 Texas, 313. This decision appears to be well sustained by the authorities elsewhere. By article 419, Sayles' Texas Civil Statutes, an enactment subsequent in point of time to the article above quoted, the city council of a town or city incorporated under the general statute is declared "to have the exclusive control and power over the streets, alleys and public grounds and highways of the city, and to abate and remove encroachments or obstructions thereon. . . ." It is by virtue of this article that appellant asserts its right to oust appellee from its streets and alleys.

In arriving at the legislative intent as expressed in the two articles quoted, it is well to consider one or two other articles. Article 702 provides: "The corporate authorities of any city, town or village through which the line of any telegraph corporation is to pass, may by ordinance or otherwise specify where the posts, piers or abutments shall be located, the kind of posts that shall be used, the height at which the wires shall be run, and such company shall be governed by the regulations thus prescribed; and after erection of said telegraph lines the corporate authorities of any city, town or village shall have power to direct any alteration in the erection or location of said posts, piers or abutments, and also in the height at which the wires shall run, having first given such company or its agents opportunity to be heard in regard to such alteration." Article 426 further defining the powers of city councils, empowers them "to prevent the incumbering of the streets, alleys, sidewalks and public grounds with carriages, wagons, carts, hacks, buggies, or any vehicle whatsoever, boxes, lumber, timber, fire wood, posts, awnings, signs, or any other substance or material whatever, or in any other manner whatever," etc.

It is a rule of construction too familiar to admit of the citation of authorities that statutes are to be so construed, if possible, as that all parts may stand. It is still another rule, equally as familiar, that repeals by implication are not favored in law. Applying these rules to the present case, we have no difficulty in reaching the

conclusion that the Legislature did not intend by granting to city councils the exclusive control of streets, alleys and public grounds within their corporate limits, to set at naught the authority previously given by it to telegraph and telephone lines to occupy such highways with their poles, piers, wires, etc. The public highways of the State, including even the streets and alleys within incorporated towns and cities, belong to the State, and the supreme power to regulate and control them is lodged with the people through their representatives—the Legislature. Whatever power of control is lodged in the city council is delegated by the Legislature. When we consider the nature of the business of telegraph and telephone lines in this busy commercial age, we have a most cogent reason for the Legislature's declining to commit to the arbitrary control of the municipalities throughout the State the use by such companies of the public streets and alleys. These companies are not primarily of local concern, affecting only the inhabitants of the towns and cities through which they pass, but they essentially concern the public at large, in that they furnish quick and cheap means of communication between all points throughout the country, by which a very large percentage of the business of the country is transacted. In other words, the business is such a one as calls for the exercise of State regulation rather than the delegated power of municipal control. To interpret article 419 as appellant asks is to hold that article 698 has been repealed by implication, and that cities and towns incorporated under the general statutes of Texas, which as matter of fact would include nearly all of the cities and towns within the State, would have the power to exclude entirely telegraph and telephone companies from occupying the streets and alleys of such cities and towns. A thing so fraught with evil consequences to the public convenience at large was certainly never contemplated by the Legislature. On the other hand, to construe the article conferring "exclusive control" upon the city councils to mean that the power thus conferred is to be exercised and limited to the manner pointed out in articles 702 and 426, and subordinate to that conferred by article 698, permits every article of the statute to stand as the embodiment of legislative decree, and is, we think, the only correct interpretation to be indulged. Michigan Tel. Co. v. City of Benton Harbor (Mich.), 47 L. R. A., 104.

We are also of opinion that the trial court did not err in holding void the city ordinance attacked by appellee. Section 2 of said ordinance reads: "It shall be the duty of every person, firm or corporation, when it may become necessary to any needed improvement by such person, firm or corporation, involving a disturbance of the surface of any alley, street or sidewalk of this city, to make application to the city marshal for a permit to disturb said street, stating the place or places to be disturbed by digging, cutting, removing, etc., the time required for said work, and the extent of said work, and it shall be the duty of the city marshal to issue to such persons, firm or corporation, such permit when the same is deemed necessary, charging therefor the sum of fifty cents for each permit, which shall be paid to the city marshal in cash before the permit

is issued." Conceding that the power to regulate the disturbance of the surface of streets and alleys in appellant's city as against telephone companies rested in its city council, that power as already pointed out, was a power conferred upon it by the Legislature and one which could not be again delegated to another, as in the present instance to the city marshal. The ordinance appears to clothe the city marshal with authority to issue permits when the same were deemed necessary, and to permit that officer to determine whether or not such necessity existed. To this extent at least the ordinance was void. Gulf, C. & S. Fe Ry. Co. v. Riordan, 22 S. W. Rep., 519; Bennison v. City of Galveston, 18 Texas Civ. App., 20. The judgment as entered, perpetuating the injunction against the enforcement of ·this ordinance, however, is very broad in its terms and possibly capable of the interpretation that it excludes appellant from exercising the rights conferred by article 702 of the statutes above set out, and to this extent the judgment will be reformed or modified.

No reversible error is shown in the court's action in permitting witnesses to testify that appellant's poles were so placed in the streets as not to interfere with the public travel, since if this embodied a ʹconclusion of the witnesses, as contended by appellant, yet the trial having been before the court without a jury and the witnesses having detailed all of the facts upon which they reached such conclusion, no harm could have resulted from the ruling. · From this it would also follow that the court's finding that appellant's poles and wires were so set and strung as not to incommode the public in the use of the streets, etc., is supported in· the testimony. But after all, this was not a real issue in the case, since the action by the city was not one asserting its statutory ·right to regulate the use and occupation of its streets, but one to oust appellant entirely because it had obtained no franchise authorizing such use and occupation.

We find no error in the judgment, and with the modification above indicated it is affirmed.

*Affirmed.*