LILLY et al. v. CITY OF HOUSTON
HEIGHTS et al.

(Court of Civil Appeals of Texas. Galveston.
May 12, 1913. Rehearing Denied ．
June 5, 1913.)

1. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY OF ASSIGNMENTS.

While ordinarily, in absence of fundamental error apparent upon the face of the record, assignments of error will not be considered when not presented as required by the appellate court rules, under Rev. Civ. St. 1911, art. 4645, providing that the case on appeal from interlocutory orders granting or refusing an injunction may be heard on the bill, answer, and affidavits, assignments of error need not be filed in such case but the case will be heard on bill, answer, and the evidence introduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

2. INJUNCTION (§ 9*)—ORDINANCES—RIGHT.

Equity will not enjoin the enforcement of a void ordinance where its enforcement would not injuriously affect complainants' property rights, and hence will not enjoin the enforcement of an ordinance prohibiting stock from running at large in a city, even if void, where it is not shown that complainants own any animals in the city.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 8; Dec. Dig. § 9.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Suit by S. A. Lilly and others against the City of Houston Heights and others. From a decree for defendants, plaintiffs appeal. Affirmed.

Dowell & Dowell, of Houston, for appellants. Robert L. Cole, of Houston, for appellees.

McMEANS, J. S. A. Lilly and several other resident citizens of the city of Houston Heights presented to the district court of Harris county their petition praying that a temporary writ of injunction be issued restraining the defendant the city of Houston Heights, its agents and representatives, from enforcing two ordinances passed by the city council of said city, one of which prohibited the running at large of certain animals in said city, known as the "stock ordinance," and the other providing for the impounding of such animals running at large contrary to the provisions of the stock ordinance. The petition was set for hearing on a certain day,

and notice of its filing and of the day of hearing was served upon the defendants. On or before the day of hearing the defendants filed their answer. Upon a hearing before the court the prayer for the temporary writ of injunction was refused, and plaintiffs have appealed.

Appellants filed assignment of errors in the court below in which they attack, on many grounds, the action of the court in refusing to grant the writ of injunction prayed for, and have filed in this court their brief urging each of the assignments as ground for reversal. These assignments are not presented in such a way as to require us to consider them. Many of them, not propositions in themselves, are presented as propositions, and the statement subjoined to others are not such as are required by rule 31 (142 S. W. xiii) in that such statements are not sufficient to explain and support the assignments presented. However, the statute allowing appeals from interlocutory orders or judgments granting, refusing, or dissolving injunctions does not require the filing of assignment of errors in the trial court, nor of briefs in the appellate courts, but provides that the case on appeal may be heard and determined on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the trial court. Revised Statutes 1911, art. 4645.

[1] Ordinarily when assignments of error are refused consideration because not presented in the manner required by the rules, the appellate court will, in the absence of fundamental error apparent upon the face of the record, treat the appeal as if no assignment of errors were filed and affirm the judgment; but, in view of the statute referred to, it is incumbent upon us to decide the case upon the bill and answer and evidence introduced in support thereof, and this we will now proceed to do.

The ordinances in question, together with copies of the minutes of the city council of the city of Houston Heights, showing the manner in which they were passed, are attached as exhibits to and made a part of the bill for injunction. From the proceedings thus shown we are of the opinion that both ordinances were duly adopted in the manner provided by the charter and are valid in so far as the manner and form of their adoption is concerned, and their requirements and exactions are not so harsh, oppressive, or unreasonable that we can say that the ordinances or either of them are invalid as a matter of law.

But aside from all other considerations, and admitting for the purpose of this opinion that all or some of the objections raised by appellants to the validity of the ordinances are sound, we think that the court did not err in refusing to grant the temporary injunction for the reason that appellants have not in their bill shown themselves entitled to injunctive relief. Appellants alleged that they brought the suit in their own behalf and "in behalf of several hundred of other persons like qualified and situated as themselves." Paragraph 8 of the bill charges that the defendants are threatening and preparing to put said ordinances into effect at once, and will do so, and remove all the live stock of the owners thereof running at large in Houston Heights, and under the provisions of said ordinances would impound, sell, and kill such live stock, and arrest, fine, and imprison and impose penalties, civil and criminal, on offending persons and animals, to the damage and detriment of the owners and possessors of such animals in said city, which animals are of the estimated value of $20,000, and that the estimated number of owners of such animals in said city who will be affected by such ordinances is more than 1,000, and that if such owners have to remove such animals from said city, or confine them, they will be put to great expense, damage, and inconvenience, amounting to several thousand dollars, and that several, and probably many, of such owners have not the ready means to remove or confine their animals and thereby protect themselves from irreparable loss, etc. Nowhere in the bill is it alleged that appellants or either of them own any animals in Houston Heights which are prohibited by the stock ordinances from running at large in said city, nor is there any allegations that the appellants or either of them would suffer damage, inconvenience, or annoyance by reason of their ownership of such animals through the enforcement of either of the ordinances in question. The allegations are that in Houston Heights there are about a thousand owners of stock, such as are prohibited from running at large, and that such owners will be damaged, etc., by the enforcement of the ordinances. There is not a suggestion that the appellants are such owners or that they will be injuriously affected.

[2] It seems to be well settled that equity will not enjoin the enforcement of an ordinance, even though void, where such enforcement would not injuriously affect the property rights of the complainants. City of Austin v. Cemetery Association, 87 Tex. 331, 28 S. W. 528, 47 Am. St. Rep. 114; Manor Casino v. State, 34 S. W. 769; City of Houston v. Richter, 157 S. W. 189 decided by this court May 8, 1913, and, as we have seen, the allegations of the bill do not show that the complainants here would be so affected.

We think that under the allegations of the bill appellants were not shown to be entitled to the relief they sought, and therefore the injunction was properly refused, and that the judgment of the court below must be affirmed, and it has been so ordered.

Affirmed.