## SMITH et al. v. TEXAS FARM PRODUCTS.
### No. 2857.

Court of Civil Appeals of Texas. Beaumont.
July 12, 1935.

Rehearing Denied Sept. 25, 1935.

---

Geo. Kirkpatrick, Asst. Atty. Gen., for appellants.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, Chief Justice.

In the lower court Texas Farm Products Company, a corporation, was plaintiff, and appellants, Texas Railroad Commission, its individual members and its employees, all the Texas sheriffs and their deputies, the Texas Rangers, and others, were defendants. We take the following summary of appellee's petition from appellant's brief: "The Appellee alleged in its petition that it was a corporation to carry on the business of Texas Farm Products Company, which is a Fertilizer Plant, making and delivering all grades of fertilizer, and in connection with the manufacturing of fertilizers making and delivering all classes of grain, feedstuffs, corn meal, etc., to its customers located throughout East Texas; that it had expended large sums of money in building up its business, and owned four trucks described in the petition; that article 827a of the Revised Penal Code of Texas [Vernon's Ann. P. C.] which regulates the operation of vehicles and particularly section 5, subdivision (b) of said Article is unconstitutional and is in violation of sections 3, 9, 10, 17 and 19 of article 1, and of section 1 of article 5 of the Constitution of Texas, because same was discriminatory, unfair and rendered to its competitors protection that is not given the general public, by reason of the fact, that under the provisions of said portion of the law 14,000 pounds might be hauled under certain circumstances, generally only 7,000 pounds was authorized; that the Sheriff of the County and the Highway Patrolmen, and the defendant, L. H. Thomas, had stopped the trucks of appellee on the highway, acting under the provisions of article 827a, and had arrested its truck drivers without warrants and stopped and weighed its trucks and searched and checked said trucks."

Without service of notice and without a hearing, the judge of the Second judicial district, in chambers, on appellee's ex parte application, granted a temporary injunction restraining appellants from attempting to enforce against appellee the provisions of article 827a, Vernon's Ann. P. C., from stopping and weighing its trucks, from arresting or detaining its truck drivers, etc. The effect of the injunction was to permit appellee to load its trucks in excess of the 7,000 pounds allowed by article 827a, notwithstanding its

penal provisions; the injunction was granted on the allegation that article 827a, Vernon's Ann. P. C., on the facts alleged in the petition, was unconstitutional and void. Appellants perfected their appeal direct from the order granting the temporary injunction.

On authority of L. A. Smith et al. v. New Way Lumber Co., 84 S.W.(2d) 1104, by the Galveston Court of Civil Appeals, opinion filed the 12th day of June, 1935, the first question before us is the right of appellee to institute and maintain this suit; the parties defendant, the allegations of the petition and the relief granted by the temporary injunction in that case are substantially the same as in this case.

The facts of that case are as follows: New Way Lumber Company owned and operated a fleet of motortrucks for the distribution of its products to its customers over the state highway system. The cost price of its products to its customers was the price at the mill, plus the cost of the transportation to the place of destination; it was the contention of appellees that they made· no profit in hauling their products from their mill to their customers. Appellees had no permit from the State Railroad Commission authorizing them to use the highways in transporting their products. On the facts stated, the Galveston court held that appellees were motor carriers for compensation or hire within the terms of Vernon's Ann. Civ. St. art. 911b, and had "no vested right to the use of the highways of this State for the carrying on of such business, hence were not entitled to the injunctive relief accorded them," and approved the following proposition advanced by appellants: "That the appellees were operating their truck in a commercial business for compensation or hire within the meaning of Revised Statute, Article 911b, hence were illegally therewith using the highways of Texas without a permit so to do from the State Railroad Commission, wherefore they were in no position in any event to ask or receive from the equity powers of the court such injunctive relief as the appealed-from order awarded them."

In support of its conclusions the court cited: Ex parte Sterling, 122 Tex. 108, 53 S.W.(2d) 294; Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.(2d) 505; Railroad Commission v. Inter-City Forwarding Co. (Tex. ⸢ Civ. App.) 57 S.W.(2d) 290; Stephenson v. Binford Case (D. C.) found in 53 F.(2d) 509; City of Newport v. Merkel Bros. Co., 156 Ky. 580, 161 S. W. 549; the Tennessee case of State v. Cummings, 130 Tenn. 566, 172 S. W. 290, L. R. A. 1915D, 274; Sumner County v. Interurban Transp. Co., 141 Tenn. 493, 213 S. W. 412, 5 A. L. R. 765; City of Texarkana v. Southwestern Tel. & Tel. Co., 48 Tex. Civ. App. 16, 106 S. W. 915.

In this case appellee made no allegation that it had a permit from the Railroad Commission. It was transporting its products over the highways of Texas as New Way Lumber Company was transporting its products.

Since this is an appeal from an ex parte order granting appellee a temporary injunction, without notice, appellee's petition must be construed by the following proposition announced by 24 Tex. Jur., p. 222: "In view of the severity of injunction, a clear right thereto must be alleged and proved. All facts necessary as a basis for the injunction must be averred, provided they are not judicially noticeable or presumed. It frequently has been said, in varying phraseology, that the petition must negative every hypothesis on which the act enjoined might be lawful. Or, as otherwise stated, 'The material and essential elements which entitle him (petitioner) to relief shall be sufficiently certain to negative every ·reasonable inference arising on the facts so stated, from which it might be deduced that he might not under other supposable facts connected with the subject, thus be entitled to relief.'"

Having alleged the ⸢ character of its business, and that it was transporting its products over the state highway system, appellee was required by this proposition to allege facts showing that it was not a motor carrier for compensation or hire within the terms of Vernon's Ann. Civ. St. art. 911b. The petition is not subject to that construction. No intendments can be indulged in aid of the facts alleged. The allegations were simply that appellee used its trucks in transporting its products from its plant in the city of Nacogdoches, Nacogdoches county, to its customers throughout Eastern Texas. No fact was alleged requiring the inference that customers in other towns were charged the

**54**

same price for appellee's products that was charged where the products were delivered at the mill in Nacogdoches. Not having a permit from the Railroad Commission, appellee was required to allege this fact in order to be in position to attack the constitutionality of article 827a, Vernon's Ann. P. C., under the principles of law announced by the Galveston Court of Civil Appeals in the case cited supra.

■ Appellee has filed two motions: First. To strike appellants' brief on the ground that it contains no assignments of error. This being an appeal from a temporary injunction, briefs are not required. On this proposition, in Holland Texas Hypotheek Bank, etc., v. Linscome, 37 S.W.(2d) 268, 269, this court said: "The appeal is before us upon briefs by both parties, but no assignments of error were filed in the trial court, nor do we find any assignments of error in the transcript. Upon this ground appellee prays that the appeal be dismissed. The motion is overruled. Under article 4662, R. S. 1925, appeals from orders granting temporary injunctions may be heard by the Court of Civil Appeals without assignments of error. Cameron v. City of Waco (Tex. Civ. App.) 8 S.W.(2d) 249; Smith v. Crank (Tex. Civ. App.) 259 S. W. 989; Moore v. Norton (Tex. Civ. App.) 215 S. W. 373; Lilly v. City of Houston Heights (Tex. Civ. App.) 158 S. W. 189."

■ Second. The second motion is to dismiss the appeal on the ground that appellants failed to file an appeal bond. This motion is overruled for the reason that the State Railroad Commission is not required to give an appeal bond. In so far as the motion relates to other parties, on the issue of cost, it is not shown that the parties other than the Railroad Commission have incurred any cost properly taxable against them individually. But, as we understand the record, all the cost incurred was incident to the appeal by the State Railroad Commission. For that reason this motion is overruled.

Since appellee failed to allege facts showing that it was not subject to the penalties of Vernon's Ann. Civ. St. art. 911b, it follows that the judgment of the lower court should be reversed, and the injunction dissolved, and it is accordingly so ordered.