

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 10, 1965

Mr. Henry Wade
District Attorney
Dallas, Texas

Opinion No. C-480

Re: Whether land originally acquired
by the County of Dallas by quit-
claim deed and used by said
county as a county road and
later annexed to the City of
Dallas, can be lawfully abandoned
and closed by the City of Dallas
without permission of the county,

Dear Mr. Wade:                 and related questions.

You have submitted for our consideration the following questions:

1. When a city annexes territory wherein is located a
county road, does the county thereby lose title to such
road:

(A) if the county holds fee title?
(B) if the county holds easement title?

2. Can the city thereafter lawfully abandon and close
such road without permission of the county:

(A) if the county holds fee title?
(B) if the county holds easement title?

3. If the city proceeds to abandon such road, does the
county retain any title in such roadway:

(A) if the county holds fee title?
(B) if the county holds easement title?

In view of the hereinafter mentioned authorities, we deem it
unnecessary to answer the question regarding the estate ac-
quired by the county by virtue of the deed you have submitted
for our consideration. County roads and city streets belong
to the State, and therefore there was never any title in the
County of Dallas that would pass to the City of Dallas after
annexation. Title to city streets is vested in the State.
28 Tex.Jur.2d 162, Highways and Streets, Sec. 134; City of
Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712, (1956);
Texarkana v. Southwestern Tel. & Telegraph Co., 106 S.W. 915,

-2271-

(Tex.Civ.App. 1907).

In regard to title to county roads, in the case of Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925), the Supreme Court held:

> "While the title, under the authority of law, was taken in the name of the county and under statutory authority, and the county was authorized and charged with the construction and maintenance of the public roads within its boundaries, yet it was for the state and for the benefit of the state and the people thereof."

In the same case on page 918, the delegation of some powers to another political subdivision was stated thus:

> "The establishment of public highways being primarily a function of government belonging to the state, the right to establish them resides primarily in the Legislature, and, in the absence of constitutional restrictions, the Legislature may exercise that right direct or delegate it to a political subdivision of the state, or to such other agency or instrumentality, general or local in its scope, as it may determine."

The City of Dallas is a Home Rule city and is governed by Articles 1165-1182f, Vernon's Civil Statutes. Dallas Co. W.C. and I.D. No. 3 v. City of Dallas, 149 Tex. 362, 233 S.W.2d 291 (1950).

By Article 1175, Section 18, Vernon's Civil Statutes, the Legislature delegates to the cities powers therein contained:

> "To control, regulate and remove all obstructions or other encroachments or encumbrances on any public street, alley or ground, and to narrow, alter, widen or straighten any such streets, alleys, avenues or boulevards, and to vacate and abandon and close any such streets, . . . over and upon the streets or avenues of such city." (Emphasis added)

In Feris v. Bassett, 227 S.W.233, (Tex.Civ.App. 1921), it is stated:

> ". . . An incorporated city or town under our statutes has the exclusive control of all the streets and highways within the limits of the corporation, and, when such corporation in its

creation or by subsequent extension embraces within its limits a portion of a public county road, such road becomes thereafter a street of the city and is no longer subject to the control of the county, and all the rights of the county in such highway passes to the city."

Again, in City of San Antonio v. Bexar Metropolitan Water District, 309 S.W.2d 491 (Tex.Civ.App. 1958, error ref.), the court held:

"When the city annexed the road, it succeeded to all authority over the road that the county theretofore held."

Accordingly, whatever authority the county had over the road in question inured to the city upon annexation of the area. The county thereupon lost all authority over such road. Under Article 1175, Section 18, supra, the city could abandon and close such street.

In answer to question No. 1, the county never held any kind of title to the street in question. In answer to question No. 2, under and according to the provisions of Article 1175, Section 18, permission of the county to close a city street is not necessary. The answer to question No. 3 is that the county never owned title to the road or street at any time.

### SUMMARY

Title to roadways and streets is in the State and not in the county or city. The City of Dallas, after annexing an area including a county road, does not need the permission of the county to abandon and close such road or street.

Yours very truly,

WAGGONER CARR
Attorney General

By *David Longoria*
David Longoria
Assistant Attorney General

DL:gm

Mr. Henry Wade, page 4 (C-480)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Harold Kennedy
Bill Allen
Milton Richardson
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright