TEXAS FARM PRODUCTS COMPANY V. L. A. SMITH ET AL.

No. 7014.   Decided July 15, 1936.
Rehearing overruled October 21, 1936.
(96 S. W., 2d Series, 290.)

*Adams & McAlister,* of Nacogdoches, for plaintiff in error.

*William McCraw,* Attorney General, and *Geo. P. Kirkpatrick,* Assistant Attorney General, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the court.

Chief Justice Walker, in rendering the opinion of the Court of Civil Appeals at Beaumont, stated the nature of this cause as follows:

"In the lower court Texas Farm Products Company, a corporation, was plaintiff, and appellants, Texas Railroad Commission, its individual members and its employees, all the Texas sheriffs and their deputies, the Texas Rangers, and others, were defendants. We take the following summary of appellee's petition from appellant's brief:

" 'The Appellee alleged in its petition that it was a corporation to carry on the business of Texas Farm Products Com-

pany, which is a Fertilizer Plant, making and delivering all grades of fertilizer, and in connection with the manufacturing of fertilizers making and delivering all classes of grain, feedstuffs, corn meal, etc., to its customers located throughout East Texas; that it had expended large sums of money in building up its business, and owned four trucks described in the petition; that Article 827-a of the Revised Penal Code of Texas, which regulates the operation of vehicles and particularly Section 5 of Subdivision (b) of said Article is unconstitutional and is in violation of Sections 3, 9, 10, 17 and 19 of Article 1, and of Section 1 of Article 5 of the Constitution of Texas, because same was discriminatory, unfair and rendered to its competitors protection that is not given the general public, by reason of the fact, that under the provisions of said portion of the law 14,000 pounds might be hauled under certain circumstances, generally only 7,000 pounds was authorized; that the Sheriff of the County and the Highway Patrolmen, and the defendant, L. H. Thomas, had stopped the trucks of appellee on the highway, acting under the provisions of Article 827-a, and had arrested its truck drivers without warrants and stopped and weighed its trucks and searched and checked said trucks.'

"Without service of notice and without a hearing, the judge of the second judicial district, in chambers, on appellee's ex parte application, granted a temporary injunction restraining appellants from attempting to enforce against appellee the provisions of Article 827-a, Penal Code, from stopping and weighing its trucks, from arresting or detaining its truck drivers, etc." The Court further stated that the effect of the injunction was to permit appellee to load its trucks in excess of the 7,000 pounds allowed by Art. 827a, notwithstanding its penal provisions; that the injunction was granted on the allegation that Art. 827a, Penal Code, on the facts alleged in the petition, was unconstitutional and void; and that appellant perfected their appeal direct from the order granting the temporary injunction.

The Court of Civil Appeals held that on authority of L. A. Smith et al. v. New Way Lumber Company, opinion by the Galveston Court of Civil Appeals, rendered June 12, 1935, 84 S. W. (2d) 1104, the first question before it was the right of appellee to institute and maintain this suit; the parties defendant, allegations of the petition, and the relief granted by the temporary injunction in that case being substantially the same as in this case.

The Court of Civil Appeals further held that the Texas Farm Products Company, having stated the character of its

business in transporting its products in trucks over the public highways of this State, was required to allege that it was not a motor carrier for compensation or hire within the provisions of Art. 911b, Vernon's Annotated Texas Civil Statutes. The judgment of the lower court was reversed and the temporary injunction dissolved. 86 S. W. (2d) 52.

A writ of error was granted because of the granting a writ in the case of New Way Lumber Company et al. v. L. A. Smith et al., 84 S. W. (2d) 1104.

Since the questions involved here are similar to those involved in the New Way Lumber Case, in which an opinion has this day been announced (128 Texas, 173, 96 S. W. (2d) 282), it is unnecessary to discuss further the questions presented. Therefore, for the reasons stated in that opinion, the judgment of the Court of Civil Appeals, dissolving the temporary injunction and reversing the judgment of the trial court, is affirmed.

Opinion delivered July 15, 1936.

Rehearing overruled October 21, 1936.