## SMITH et al. v. DAY LUMBER & TIMBER CO. et al.

### No. 10373.

Court of Civil Appeals of Texas. Galveston.

Nov. 5, 1936.

Rehearing Denied Dec. 10, 1936.

William McCraw, Atty. Gen., and George P. Kirkpatrick, Asst. Atty. Gen., for appellants.

Snell & Snell, Hofheinz & Aynesworth, and Frank E. Mann, all of Houston, for appellees.

GRAVES, Justice.

On November 27, 1935, this court entered this order in this cause: "Passed to await action of the Supreme Court in New

Way Lumber Co. v. Smith, and in Texas Farm-Products Co. v. Smith, 96 S.W.(2d) 290."

That was done upon the conclusion, which is now reiterated upon the present re-examination of the record therein, that the cause in all essential and controlling respects is but a companion one to the New Way Lumber Company Case—so referred to in the quoted order—which has since been disposed of by the Supreme Court, as reported in 96 S.W.(2d) 282; in that decision, not only did the Supreme Court uphold this court's prior holding—as reported in 84 S.W.(2d) 1104—that the appellants there had not been entitled to the temporary injunction awarded them because they were amenable to and had not complied with Vernon's Annotated Civil Statutes, art. 911b, but went further and held them also banned from such relief by their having violated article 827a of Vernon's Annotated Penal Code of Texas, which criminal statute was held not to be subject to any of the attacks those appellants made upon it, but valid and enforceable against them.

These holdings of our Supreme Court in the New Way Lumber Company Case likewise dispose of all the contentions of the appellants here adversely to them, and require at this court's hands the same order it formerly made against the New Way Lumber Company.

It is true that the appellees in this cause have for the first time herein on October 29 of 1936 filed their brief in this court, in which they inveigh against the applicability of the Supreme Court's determinations in the cited New Way Lumber Case, on the asserted ground that the evidence adduced by them in this instance shows that they were not contract carriers within the meaning of cited article 911b, because they had not been engaged in charging more for their lumber delivered than undelivered, but the showing they now belatedly make is unconvincing; indeed, this court is of opinion, after reviewing all of the evidence appealed to in that connection, that it rather shows they were doing so in reality, in ultimate effect, to the same extent as the New Way Lumber Company had done; if, however, that conclusion upon the facts upon that issue could be considered as error, their amenability to and the violation by these appellees of Vernon's Ann.P.C. art. 827a would bar any such injunctive relief to them anyway; on all the other material and controlling facts the record is undisputed that they were in no different position than that occupied by the New Way Lumber Company—that is, they were doing business in essentially the same way with their own trucks, had no permit from the Railroad Commission to use the nonurban highways of the state for the same purposes in the same way, and sought injunctive relief against the same officers on the identical contentions made by the other Lumber Company.

Without deeming further discussion necessary, it is ordered that the judgment of the learned trial court be reversed, and that the temporary injunction awarded be dissolved.

Reversed, temporary injunction dissolved.