T. Brooks WOOD et al., Appellants,

v.

NORTHEAST INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 3645.

Court of Civil Appeals of Texas.

Eastland.

May 26, 1961.

Pfeiffer & Gittinger, Joe Burkett, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

GRISSOM, Chief Justice.

T. Brooks Wood and H. D. Storey sued the Northeast Independent School District seeking a temporary injunction. On April 17, 1958, the court sustained special exceptions to plaintiffs' petition, gave plaintiffs 30 days to amend their petition to meet such exceptions and decreed that unless such amendments were so filed the case would be dismissed. Said order also expressly refused plaintiffs' application for a temporary injunction. Thereafter, plaintiffs filed amendments. In January, 1959, the defendant filed a motion to dismiss plaintiffs' case, alleging that plaintiffs' amendments had not cured the defects pointed out in the sustained exceptions. On November 1, 1960, the court granted said motion and rendered judgment dismissing plaintiffs' case. Plaintiffs gave notice of appeal but they did not file a transcript in the Court of Civil Appeals until December 29, 1960.

Article 4662, Vernon's Annotated Civil Statutes and Rules of Civil Procedure, rule 385 provide that in an appeal from an order refusing a temporary injunction the transcript must be filed in the Court of Civil Appeals within 20 days after rendition of the order appealed from. In such an appeal, timely filing of the transcript is jurisdictional. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; 24-A Tex.Jur. 360. If this appeal is from a judgment refusing a temporary injunction, we must dismiss the appeal because the transcript was not timely filed.

Filing of briefs is not mandatory in an appeal from an interlocutory order. 24-A Tex.Jur. 369. But, if this case is not an appeal from an interlocutory order, R.C.P. 415 is applicable. It provides that when an appellant has failed to timely file briefs an appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for such failure and that appellee has not suffered material injury thereby. Appellants have never filed, nor attempted to file briefs. They have not tendered any excuse for such failure nor suggested that appellee would not be injured thereby. The only thing appellants have done is to file a transcript in the Court of Civil Appeals on December 29, 1960. If this is not an appeal from an interlocutory order, we should dismiss the appeal for want of prosecution. Haynes v. J. M. Radford Grocery Co., Tex.Com.App., 118 Tex. 277, 14 S.W.2d 811. In any event appellee is entitled to have the appeal dismissed. It is so ordered.