John A. LAGRONE, et al., Appellants,

v.

JOHN ROBERT POWERS SCHOOLS, INC., Appellee.

No. 05–92–01740–CV.

Court of Appeals of Texas, Dallas.

Oct. 2, 1992.

Vickie Thornton Redden, Dallas, for appellants.

Elizabeth Lang–Miers, Dallas, for appellee.

Before ENOCH, C.J., and MALONEY and CHAPMAN, JJ.

## OPINION

ENOCH, Chief Justice.

Appellants John A. and Judy Lagrone have filed a motion to give priority to their appeal. For the reasons given below, we deny the motion and order the Lagrones to file their brief within twenty days.

The Lagrones were franchisees of appellee John Robert Powers Schools, Inc., a franchisor of modeling or "self-improvement" schools. The Lagrones gave notice that they intended to terminate the franchise agreement effective in mid-September, 1992.[1] The franchise agreement contained an anticompetition clause, which provided that the Lagrones would not compete with Powers for two years after the expiration of the franchise agreement, within a twenty-five-mile radius of any Powers school. The anticompetition clause also provided that the Lagrones would not hold themselves out in connection with any other self-improvement school as having been formerly connected with Powers. Powers sued the Lagrones and alleged that they had established their own school, which they called International Model and Talent School of the Year. Powers also alleged that anyone who called the number listed in the Dallas area telephone directory for Powers found that the call was answered, "International Model and Talent School of the Year." Powers requested a temporary injunction to enforce the anticompetition clause. The trial court granted it a temporary injunction, from which this appeal follows.

■ We have the transcript, which indicates that the trial court conducted an evidentiary hearing on Powers' motion for a temporary injunction. We do not have the statement of facts, and the time for filing a statement of facts or for filing a motion to extend the time to file a statement of facts has expired. Therefore, we do not have the authority to consider any statement of facts and must proceed on the record that we have before us. See Collins v. Williamson Printing Corporation, 746 S.W.2d 489, 490–91 (Tex.App.—Dallas 1988, no writ).

1. The Motion to Give Priority to Appeal

■ The transcript was filed on July 29, 1992, so the Lagrones' brief was due on August 18, 1992. See Tex.R.App.P. 42(a)(3). On that date, instead of a brief, the Lagrones filed the motion to give priority to this appeal now before the Court. The entire substantive portion of the motion reads as follows:

### I.

The record in this case was filed with the clerk of this Court on July 29, 1992, and the case is ready for hearing, except for the filing of briefs. JOHN A. LAGRONE and JUDY LAGRONE, Appellants, ask this Court to dispense with the requirement of filing briefs.

### II.

A prompt hearing and determination of this appeal are necessary in that the temporary injunction granted in this case effectively precludes Appellants from participating in the operation of the John Robert Powers franchise in Dallas. The franchise business is currently being conducted by employees of the assignee of the franchise, L'Argent, Inc., a corpora-

1. Powers alleged that it had received notice to that effect in May 1992. The transcript contains only one substantive pleading by the Lagrones, a motion to dissolve or modify the temporary restraining order originally granted by the trial court. The motion recites that the Lagrones "had previously notified [Powers] that they in-tended to cease all usage of the Powers name after June 15, 1992, at which time no reference was to be made to any prior association with [Powers]." We conclude that the Lagrones' intention to terminate the franchise agreement as quickly as possible is beyond dispute.

tion whose shareholders consist entirely of Appellants.

## III.

Extensive briefing is not necessary to the proper disposition of this appeal because the disputed issues are clear from the record filed with this Court. Appellants suggest to this Court that the matter be disposed of without briefs. Thus, although the Lagrones themselves apparently terminated the franchise agreement effective September 1992,[2] the ground given for accelerating this appeal is that the Lagrones wish to continue operating under the franchise agreement and are effectively precluded from doing so while the appeal remains pending. No explanation is given why the Lagrones incorporated L'Argent, Inc., or when, or why they assigned it a franchise agreement that they were planning to terminate very shortly. Nor do the Lagrones explain what is to be gained by submitting this appeal without their brief when their briefing time has already passed under the timetable provided in rule 42 of the Texas Rules of Appellate Procedure. We can, of course, submit an accelerated appeal without briefs. *See* Tex.R.App.P. 42(c). But the clear intent of section 42(c) is to allow the appellate court the opportunity to reach the merits of a case as soon as possible by dispensing with the time required for the parties to prepare briefs. It is not to allow an appellant to wait out the entire briefing time and then to announce on the brief-due date, for the first time, that it does not intend to file a brief.

### 2. Failure of the Lagrones to Assign Error

We recognize that there is authority that, on an appeal from a temporary injunction, an appellant is not required to file a brief in order to assign error. *See Fort Worth Improvement District No. 1 v. City of Fort Worth,* 106 Tex. 148, 158 S.W. 164, 167 (1913).[3] At the time that *Fort Worth Improvement District No. 1* was decided, however, there was a statute, the former Vernon's Annotated Civil Statute, article 4662, that expressly relieved an appellant of a temporary injunction from the responsibility of filing a brief. The pertinent provision read:

It shall not be necessary to brief such case in the Court of Civil Appeals or Supreme Court and the case may be heard in the said courts on the bill and answer and such affidavits and evidence as may have been admitted by the judge granting or dissolving such injunction: provided the appellant may file a brief in the Court of Civil Appeals or Supreme Court upon furnishing the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief.

*Merrill v. Savage,* 49 Tex.Civ.App. 292, 109 S.W. 408, 409 (1908, no writ) (cited in *Fort*

---

**2.** If we take as true the assertion in the Lagrones' own pleading that they intended to cease all usage of the Powers name after June 15, 1992, *see* n. 1, *supra,* then the Lagrones themselves had already terminated the franchise operation by the time the instant motion was filed in this Court.

**3.** A majority of the courts of appeals, including this one, have held similarly. *See Arrow Chemical Corporation v. Anderson,* 386 S.W.2d 309, 311–12 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.); *Commissioners Court of Harris County v. Moore,* 525 S.W.2d 926, 929 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Rhodia, Inc., v. Harris County,* 470 S.W.2d 415, 420 (Tex. Civ.App.—Houston [1st Dist.] 1971, no writ); *State v. Cook United, Inc.,* 463 S.W.2d 509, 512 (Tex.Civ.App.—Fort Worth), *modified on other grounds,* 469 S.W.2d 709 (Tex.1971); *Dunn v.*

*Patton,* 360 S.W.2d 837, 838 (Tex.Civ.App.—Waco 1962, no writ); *Wood v. Northeast Independent School District,* 347 S.W.2d 847, 848 (Tex.Civ.App.—Eastland 1961, no writ); *Ramos v. Guerra,* 311 S.W.2d 869, 870 (Tex.Civ.App.—San Antonio 1958, no writ); *Austin v. Consolidated Casting Company,* 246 S.W.2d 273, 274 (Tex.Civ.App.—Fort Worth 1952, no writ); *Hotel & Restaurant Employees International Alliance & Bartenders' International League of America v. Longley,* 160 S.W.2d 124, 125–26 (Tex.Civ.App.—Eastland 1942, no writ); *Smith v. Texas Farm Products,* 86 S.W.2d 52, 54 (Tex.Civ.App.—Beaumont 1935), *aff'd,* 128 Tex. 171, 96 S.W.2d 290 (1936). None of these cases has been expressly overruled, but we decline to follow them for the reasons given in our discussion of *Fort Worth Improvement District No. 1, infra.*

*Worth Improvement District No. 1*, 158 S.W. at 167). Thus the statute clearly placed the decision whether to file a brief in the hands of the appellant. The Texas Supreme Court acknowledged the statute and went on to state:

> The purpose of the statute was to facilitate the prompt hearing of such appeals, and it is manifest from its provisions that it was the intention of the Legislature to relieve the proceeding from these formalities [such as briefing].

*Fort Worth Improvement District No. 1*, 158 S.W. at 167.

 Article 4662 was the source for former Texas Rule of Civil Procedure 385. Tex.R.Civ.P. 385, historical note. Effective 1981, rule 385(d) was amended. Order, Supreme Court of Texas, June 10, 1980, 43 TEX.B.J. 767, 786–88 (1980). The amendment contained the express provision that "[f]ailure to file either the record or appellant's brief within the time specified, unless reasonably explained, shall be ground for dismissal or affirmance...." *Id.* Rule 385 was the predecessor rule to what is now rule 42 of the Texas Rules of Appellate Procedure. The provision quoted is now part of rule 42(a)(3). It is still possible for a court of appeals to consider the merits of an accelerated appeal without briefs from the parties: "The court of appeals may ... allow the case to be submitted without briefs." TEX.R.APP.P. 42(c). But the choice whether to file a brief no longer lies exclusively with the appellant in an appeal from a temporary injunction; the decision is now vested solely in the discretion of the appellate court. The policy consideration expressed in *Fort Worth Improvement District No. 1*, the prompt resolution of appeals from temporary injunctions that might be creating undue hardship on a party, still applies, and an appellant can move the court for discretionary acceleration and to dispense with the necessity of filing briefs. *See* TEX.R.APP.P. 42(b). The appellant must make an appropriate showing, however, and, absent such a showing, he is required to file a brief as in any other appeal. We conclude that *Fort Worth Improvement District No. 1* and its progeny, insofar as they permit an appellant in a temporary injunction case unilaterally to decline to file a brief, no longer serve as valid precedent since the Supreme Court's 1981 amendments to the Texas Rules of Civil Procedure.[4]

 A court is not an advocate but must sit in impartial posture, guided by a neutral duty to the law and the rights of both litigants. *In re Gibson*, 804 S.W.2d 920, 925 (Tex.App.—El Paso 1990, orig. proceeding) (per curiam), *overruled on other grounds, Ex parte Gibson*, 811 S.W.2d 594 (Tex.Crim.App.1991). This Court is not the Lagrones' advocate. Although the Court has an interest in a just adjudication, it also has an interest in remaining impartial. *Ex parte Lowery*, 840 S.W.2d 550, 552 n. 1 (Tex.App.—Dallas 1992, pet. pending) (op. on reh'g). We do not represent the appellants; therefore, it is inappropriate that we "look" for error on their behalf, absent extraordinary circumstances. *See Henry S. Miller Management Corporation v. Houston State Associates*, 792 S.W.2d 128, 134 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (on mot. for reh'g). We hold that, under rule 42 of the Texas Rules of Appellate Procedure, the Lagrones were required to assign error in a brief to complain of any error in the trial

---

4. We are aware of authority, decided after the 1981 rule amendments, that says that an injunction order's failure to comply with TEX.R.CIV.P. 683 renders the order fatally defective, requiring reversal even in the absence of a specific point of error addressing that failure. *E.g., Permian Chemical Company, Inc., v. State*, 746 S.W.2d 873, 874 (Tex.App.—El Paso 1988, writ dism'd, w.o.j.); *Arrechea v. Plantowsky*, 705 S.W.2d 186, 189 (Tex.App.—Houston [14th Dist.] 1985, no writ). But the appellants in *Arrechea* did file a brief properly assigning error; *see* 705 S.W.2d at 188. The opinion in *Permian Chemi*-cal is not clear, but it does not expressly state that the appellant did not file a brief. Therefore, any statement about not needing to assign error in a temporary injunction appeal is certainly dictum in *Arrechea* and probably so in *Permian Chemical.* In any case, neither *Arrechea* nor *Permian Chemical* discusses or even acknowledges the 1981 rule amendments; both simply cite to earlier cases without discussion. To the extent that *Arrechea* and *Permian Chemical* remain good law after the 1981 rule amendments, we decline to follow them.

court's issuance of a temporary injunction, in the absence of making any effort to show this Court why they should not be so required.

■ There remains, in this case, the question whether we should require the Lagrones to file a brief. The motion requesting us to dispense with the necessity of filing briefs was filed on the day that the brief was originally due. The motion contains no authority and no argument why we should dispense with the Lagrones' brief. To the extent that the purpose of dispensing with the necessity of briefs is to permit an appellate court to resolve an appeal as quickly as possible, that purpose has been completely thwarted by the Lagrones' dilatoriness in filing the instant motion. We therefore deny the Lagrones' motion to give priority to this appeal and order the Lagrones to file a brief within twenty days. If the Lagrones fail to do so, this appeal may be subject to dismissal or affirmance, pursuant to the express terms of rule 42(a)(3) of the Texas Rules of Appellate Procedure, without further notice.