**In the Interest of J.S.**

**No. 08-04-00078-CV.**

Court of Appeals of Texas, El Paso.

May 13, 2004.

Laura Strathmann, El Paso, for Appellant.

Paula L. Thomas, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *OPINION*

SUSAN LARSEN, Justice.

The appellant's brief was due in this accelerated appeal on April 14, 2004. On April 21, 2004, the Clerk of Court made a

courtesy call to appellant's counsel to inform her that the brief was past due. In response, counsel sent this Court a letter, stating her "belief that accelerated appeals do not require a brief and that a sworn record may suffice." Counsel bases her belief on an erroneous interpretation of Texas Rule of Appellate Procedure 28.3. We write to explain the correct application of that rule.

The rule states:

> In lieu of the clerk's record, the appellate court may hear an accelerated appeal on the original papers forwarded by the trial court or on sworn and uncontroverted copies of those papers. The appellate court may allow the case to be submitted without briefs.

TEX. R. APP. P. 28.3.

■ Rule 28.3 was formerly designated as rule 42(c). *See* TEX. R. APP. P. 28 notes & cmts.; *Lagrone v. John Robert Powers Schools, Inc.*, 841 S.W.2d 34, 36–37 (Tex.App.-Dallas 1992, no writ) (Enoch, C.J.). In *Lagrone*, Justice Enoch explained the purpose and correct application of rule 42(c). In that case, instead of filing a brief, the appellants filed a motion to give priority to the appeal on the day their brief was due. 841 S.W.2d at 35. The court held:

> [T]he clear intent of section 42(c) is to allow the appellate court the opportunity to reach the merits of a case as soon as possible by dispensing with the time required for the parties to prepare briefs. It is not to allow an appellant to wait out the entire briefing time and then to announce on the brief-due date, for the first time, that it does not intend to file a brief.

*Id.* at 36. Since the language of rule 42(c) was carried forward into rule 28.3, we conclude that the intent of rule 42(c) was carried forward as well.[1] Therefore, the purpose of rule 28.3 is to grant appellate courts the flexibility to expedite appeals by dispensing with the necessity of a formal record or briefing.

■ As for briefs, the rule provides, "The appellate court may allow the case to be submitted without briefs." TEX. R. APP. P. 28.3. This language clearly gives the court, not the appellant, the discretion to dispense with briefing. *See Lagrone*, 841 S.W.2d at 37; *see also In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex.2002) (stating that an appellate court has the discretion to allow an appeal to be submitted without briefs under rule 28.3). An appellant who believes that briefs are unnecessary may not simply announce its decision not to file a brief. Instead, an appellant must file a proper motion, accompanied by the appropriate filing fee, and must demonstrate why briefs should not be required. *Lagrone*, 841 S.W.2d at 37; *see also* TEX. R. APP. P. 10.1(a) (setting out the required contents of a motion); Order Regarding Fees Charged in Civil Cases (setting out the fee for filing a motion).

■ When a court does not have the benefit of briefing or argument, it must step out of its appropriate role as neutral arbiter and into the unnatural role of advocate. *See Lagrone*, 841 S.W.2d at 37. Therefore, we will exercise our discretion to dispense with briefing only in "extraordinary circumstances." *Id.*

■ In this case, counsel did not file a proper motion to dispense with briefing. She did not even notify the Court that no

---

1. Although the language of the two rules is not identical, the differences are not substantive. *See* TEX. R. APP. P. 28 notes & cmts.

brief would be filed until after the brief was past due. Obviously, this did not serve to expedite the appeal. And counsel has not attempted to demonstrate that this case presents extraordinary circumstances that call for dispensing with briefs.[2]

Therefore, we order the appellant to file a motion for extension of time to file the brief within ten days from the date of this opinion. If no motion for extension of time is filed within ten days, this appeal may be dismissed for want of prosecution without further notice. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b),(c).

---

2. This is not to suggest that Counsel has acted in bad faith. We believe her failure to file a brief was based on an honest misunderstanding of the appellate rules.