**Order entered March 26, 2021**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00057-CV

## NOVO POINT, LLC, QUANTEC, LLC, RPV, LTD., AND JEFFREY BARON, Appellants

### V.

## ELISSA KATZ, ET AL., Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-01898-D**

### ORDER

This is an accelerated appeal from the trial court's order denying appellants' request for a temporary injunction. On February 25, 2021, after being notified by Dallas County Clerk John F. Warren that the clerk's record had been prepared but would not be filed because appellants had not paid the fee for the record, we ordered appellants to file by March 8th written verification they had paid or made arrangements to pay for the record.

Appellants did not pay or make payment arrangements for the record. Instead, appellant Jeffrey Baron filed a twenty-one volume sworn record, later supplemented by an additional volume, that total over 9,000 pages. The filing followed consultation with this Court's clerk's office and purported to be in accordance with Texas Rule of Appellate Procedure 28.1(e). That rule allows an appellate court to dispense with the requirement of a formal clerk's record in an accelerated appeal and hear the appeal "on the original papers forwarded by the trial court or on sworn and uncontroverted copies of those papers." *See* TEX. R. APP. P. 28.1(e).

Before the Court are (1) appellants Novo Point, LLC, Quantec, LLC, and RPV, Ltd.'s (collectively, Novo Point) motion for clarification of our February 25th order in light of the sworn record filed by Baron and for permission to join in the sworn record; (2) appellees' objection to the sworn record; and, (3) Novo Point's response.

We note rule 28.1(e) is a discretionary rule and its purpose is to allow an appellate court the opportunity to reach the merits of an accelerated appeal as soon as possible by dispensing with the time required for the trial court clerk to prepare the record. *See In Re J.S.*, 136 S.W.3d 716, 717 (Tex. App.—El Paso 2004, order). We also note that a party wishing to avail itself of rule 28.1(e) must file a motion in accordance with Texas Rule of Appellate Procedure 10.1(a) and demonstrate

why proceeding under rule 28.1(e) would be proper. *See id.* Baron did not file a motion, and the sworn record was filed almost a month after the deadline for the formal clerk's record as set out in rule of appellate procedure 35.1(b).

We decline to exercise our discretion to proceed without a formal record. Accordingly, we **DENY** Novo Point's motion to join in the sworn record and **STRIKE** the sworn record and supplement. We again **ORDER** appellants to file written verification of payment or payment arrangements for the clerk's record. *We caution appellants that failure to file the requested verification by **April 5, 2021** will result in the appeal being dismissed without further notice.* *See* TEX. R. APP. P. 37.3(b).

We **DIRECT** the Clerk of the Court to send a copy of this order to Mr. Warren and the parties.

/s/    CRAIG SMITH
JUSTICE