**Gwen ARRECHEA and Am-Vets Thrift Store, Inc., Appellants,**

v.

**Jerry PLANTOWSKY and Plantowsky's Warehouse Furniture Showroom, Inc., Appellees.**

**No. A14–85–423CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 21, 1985.

Leonard Z. Finger of Finger, Small, Cohen & Forlano, Houston, for appellants.

Jay I. Cohen, Bernard Wm. Fischman, of Lackshin & Nathan, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

· This is an appeal from an order signed May 14, 1985 modifying a temporary injunction granted on July 1, 1982. This court has suspended execution of the enforcement of the trial court's orders pending the outcome of this appeal. We reverse and remand the order of the trial court with instructions to dismiss the modification of the temporary injunction.

Appellee Jerry Plantowsky (Appellee or Plantowsky) leased the subject premises located in Pasadena, Texas on January 1, 1978 from lessor George French for a term of twenty years with a ten-year renewal option at a flat rate of $1000 per month. On the same date, Plantowsky sublet the premises to Appellee, Plantowsky's Warehouse Furniture Showroom, Inc., (Appellee or Showroom) on the same terms as those in the original lease. On December 26, 1980 Plantowsky sublet the premises to Appellant Gwen Arrechea d/b/a Am-Vets Thrift Store (Appellant or Arrechea) at an escalating rental for a term of five years with a five-year renewal option. The premises suffered fire and hurricane damage in 1982 and 1983.

On April 15, 1982, the City of Pasadena Health Department required that exposed insulation on the ceiling of the premises be sheetrocked or tiled. The lessor, George French, demanded that Plantowsky, his lessee, comply with the city's requirements within ten days or forfeit the lease. Plantowsky demanded of Arrechea, the sub-lessee, that she correct the problem to the satisfaction of the city and stated that he would terminate her lease if she did not.

Subsequently, Moses M. Sanchez, Trustee, purchased the property from George French and notified Plantowsky that because he had failed to comply with the terms of the lease, it was terminated. Plantowsky answered Sanchez that he was not in default of the lease and had scheduled workmen to make the repairs. Sanchez refused to allow the scheduled repairs. He also demanded that Plantowsky remove the portable sign on the premises. Plantowsky did not comply. The sign was removed, presumably by Sanchez, and was not replaced. Plantowsky notified Arrechea that her sublease was terminated because she had failed to repair the insulation.

Appellees then sought a temporary injunction, citing their belief that the premises would be condemned by the City of Pasadena. They further requested final permanent injunctive relief enjoining Appellants and their agents from interfering with the peaceful possession of the property and from interfering with their sign. They sought damages for unpaid rentals under the lease and for loss of rental time for the sign and an order that Appellants rebuild those parts of the premises destroyed by fire or storm. They also requested ejection of Appellants from the premises on final hearing and termination of their lease. A temporary injunction order was issued on July 1, 1982 prohibiting Appellants from interfering with Appellees' lease and requiring Appellants to observe and comply with the terms of their leases. It ordered Arrechea to pay to Plantowsky's Showroom an amount equal to the difference between the rent due Plantowsky's as lessor pursuant to its lease with Arrechea as lessee and the rent due Moses Sanchez as successor lessor pursuant to the lease with Plantowsky as lessee. Further, she was ordered to remit each month to Sanchez the rent due from Plantowsky pursuant to the original lease. The payments were to commence in June, 1982 and continue until final adjudication of the cause of action. The City of Pasadena was ordered to desist from taking further action regarding the claimed violation until further order of the court.

Subsequently Moses Sanchez, Trustee, conveyed the property to Am-Vets Thrift Store, making it both the owner of the premises and the subtenant of Plantowsky. Appellants counter-claimed against Appellees for their damages, claiming Appellees' failure to correct defective wiring as ordered by the Fire Marshall caused their loss due to fire. They sought a determination that it was Appellees' duty to repair the premises and an abatement of their rental during the times the premises sustained the fire and hurricane damage. They requested a declaration that the French-Plantowsky lease was terminated or, in the alternative, that Appellant Arrechea's sublease was not terminated and that she was entitled to damages for Appellees' breach of contract.

Arrechea claims she paid monthly payments as ordered from July 1, 1982 through February 15, 1985; Appellees claim the latter date was January 28, 1985. Arrechea alleges that because of the damage to the premises, her business dropped by approximately two-thirds, and she was unable to make further payments. Appellees filed a motion for modification of the prior temporary injunction to compel Appellants' compliance with the original injunction. The motion was granted on May 14, 1985, requiring Appellants to vacate the premises within three days. It is from this order that Appellants perfected this appeal. When Appellants failed to vacate the premises, the trial court entered an order granting Appellees a writ of possession. This court entered an order on June 3, 1985 to preserve the rights of the parties until disposition of the appeal and to stay the orders of the trial court pending further orders. Thus, Appellants are still in possession of the property and have made no further rental payments.

 Appellants present eight points of error on appeal. In the first, they claim the trial court abused its discretion in issuing an order which granted a temporary injunction without setting forth in the or-

der the reasons why it was issued. We agree. An order granting a temporary injunction must set forth the reasons for its issuance. Compliance with this rule is mandatory. TEX.R.CIV.P. 683; *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 552–53 (1953); *Martin v. Linen Systems for Hospitals,* 671 S.W.2d 706, 710 (Tex.App.—Houston [1st Dist.] 1984, no writ). The trial court's stated reasons for granting or denying a temporary injunction must be specific and legally sufficient and not merely conclusory. *Id.; University Interscholastic League v. Torres,* 616 S.W.2d 355, 357–58 (Tex.Civ.App.—San Antonio 1981, no writ). Rule 683 does not require that the order state the reasons why the appellee has a probable right to recovery or relief at a trial on the merits; the order must state why injuries will be suffered if a temporary injunction is not granted. *State v. Cook United,* 464 S.W.2d 105, 106 (Tex. 1971); *Martin,* 671 S.W.2d at 710. Failure of the order to meet the requirements of Rule 683 renders it fatally defective and void, thereby requiring reversal, even if this is not raised specifically by point of error. *Torres,* 616 S.W.2d at 358; *Holt v. City of San Antonio,* 547 S.W.2d 715, 716 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.); *Charter Medical Corp. v. Miller,* 547 S.W.2d 77, 78 (Tex.Civ.App.—Dallas 1977, no writ).

██ Although the order for the temporary injunction did meet these statutory requirements, the order modifying the temporary injunction does not contain specific findings supporting its issuance. Contrary to Appellees' assertion, the modified order cannot be read in conjunction with the original order to supply the necessary facts. A temporary injunction which merely states that a previous temporary restraining order is continued as a temporary injunction does not comply with the requirement of Rule 683. *Schulz v. Schulz,* 478 S.W.2d 239, 244 (Tex.Civ.App.—Dallas 1972, no writ). Such a statement is not presently before us. However, we note that the obvious purpose of the rule is to adequately inform a party from which action he is enjoined and why he is enjoined. *Id., See Board of Equalization of the City of Plano v. Wells,* 473 S.W.2d 88, 91 (Tex.Civ. App.—Dallas 1971, no writ). It was Appellees' choice to seek injunctive relief. As the grant of Appellees' requested relief did not meet the mandatory statutory requirements for compliance, we have no choice in our disposition of this matter. We sustain the first point of error. Our decision on this point makes it unnecessary for us to address the last seven points.

We reverse the decision of the trial court granting the modification order with instructions to dissolve that order. This dissolution will, of course, be without prejudice as to future relief that may be properly sought by any party.

Reversed and remanded.