Frank **METCALFE** and Denim and Lace, Inc., Appellants,

v.

William **WALLING**, Appellee.

No. 01–93–00201–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1993.

Rehearing Denied June 1, 1993.

---

Syd Phillips, Houston, for appellants.

Eric Carter, Houston, for appellee.

Before COHEN, O'CONNOR and JACKSON SMITH,* JJ.

* The Honorable Jackson Smith, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## OPINION

O'CONNOR, Justice.

Did the trial court abuse its discretion when it temporarily enjoined Frank Metcalfe from entering the premises of Red's Club & Dancing or participating in the club's day-to-day operations? Yes. We declare the temporary injunction void, and we order that it be dissolved.

Metcalfe owns 99 percent of the stock in Denim & Lace, Inc. (D & L). The remaining one percent is owned by Janice Albers, who is not a party to this lawsuit. D & L owned and operated a country and western nightclub called The Wagon Wheel. In July 1992, Metcalfe and Albers entered into a contract with the appellee, William "Red" Walling, a man with extensive experience in nightclub management. The purpose of the contract was to let Walling operate the club with the objective of making it more profitable.

The contract contained the following provisions: Walling was to invest a certain amount of money in the club; Walling was designated as general club manager, with the responsibility of controlling and managing the club; Walling and Metcalfe would jointly handle all bookkeeping, accounting and cash management functions; Walling would arrange all advertising and promotion; only Metcalfe would receive a salary, $2,000 a month from the gross revenues; the parties would split the net profits of the club—Walling would get 50 percent, Metcalfe, 49 percent, and Albers, one percent; and Walling was given an option to purchase D & L and its assets for $65,000, which option expired within six months from the date the contract was executed.

The provision that is directly involved in the injunction was Walling's option to purchase D & L and its assets. The contract provided that if Walling declined to purchase the company, either party could cancel the agreement by giving 30–days written notice to the other party. Because the parties executed the contract on July 14, 1992, Walling had until January 14, 1993, to exercise his option.

After Walling and Metcalfe executed the contract, they renamed the club "Red's Club & Dancing" and changed the format to rock and roll. Walling had operated other clubs under the name "Red." The club became more profitable under Walling's management.

On January 8, 1993, Walling told Metcalfe orally that he wanted to exercise the option to purchase the stock of the corporation. On January 15, 1993, Metcalfe wrote to Walling, notifying him that he was terminating the agreement because Walling had not purchased D & L within the six-month period permitted by the contract. On January 25, Walling responded by letter:

> As I told you on January 8, 1993, I am exercising my option to purchase the Club. But as I also told you, it is impossible for me to perform pursuant to the contract in buying the company, *i.e.*, its stock. Because of your actions in violation of our agreement, the accompanying liabilities far outweigh any benefits. I wish only to purchase the assets of the company. I am still willing to go forward, after an audit of the complete period of time from July 15, 1992.

In the letter, Walling claimed Metcalfe had not deposited all the club's revenues in the appropriate bank account and asked for an accounting of all expenditures by noon the following day. Metcalfe did not comply.

Walling filed suit against Metcalfe for breach of contract. In his pleading, entitled "Plaintiff's First Amended Original Petition For Injunction and Damages," Walling asked for damages for breach of contract and sought a temporary restraining order and a temporary injunction. Walling did not ask for specific performance of the option clause.

At the temporary injunction hearing, Walling testified that Metcalfe had incurred debts and liabilities without Walling's authorization. He further testified that Metcalfe had opened a bank account to which Walling was not a signatory and had deposited club revenues into this account. Walling also stated that at least $50,000 in club revenues were missing.

The trial court granted Walling a temporary injunction on February 12, 1993. The injunction prohibits Metcalfe, the owner of Red's Club & Dancing, from entering the club premises or participating in the day-to-day operations of the club and leaves Walling in complete control of the club.

### Standards of review

 To be entitled to the issuance of a temporary injunction, an applicant must plead a cause of action and show a probable right of recovery and a probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968); *Henderson v. KRTS, Inc.*, 822 S.W.2d 769, 773 (Tex. App.—Houston [1st Dist.] 1992, no writ). Probable injury includes the elements of imminent harm, irreparable injury, and no adequate remedy at law for damages. *Henderson*, 822 S.W.2d at 773; *Surko Enter. Inc. v. Borg–Warner Acceptance Corp.*, 782 S.W.2d 223, 225 (Tex.App.—Houston [1st Dist.] 1989, no writ). For a legal remedy to be adequate, it must give the plaintiff complete, final, and equal relief. *Henderson*, 822 S.W.2d at 773. At the hearing for a temporary injunction, the only question before the trial court is whether the applicant was entitled to an order to preserve the status quo pending trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Henderson*, 822 S.W.2d at 773. The status quo is defined as the last, actual, peaceable, noncontested status that preceded the pending controversy. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975).

 An order granting a temporary injunction should not adjudicate the issues. *Henderson*, 822 S.W.2d at 773. Rule 683, TEX.R.CIV.P., requires the trial court to state the reasons why the court deems it proper to issue the writ to prevent injury to the applicant; that is, the reasons why the court believes the applicant's probable rights will be endangered if the writ is not issued. *Transport Co. of Texas v. Robertson Transports, Inc.*, 261 S.W.2d 549, 553 (Tex.1953); *Henderson*, 822 S.W.2d at 773.

 Our review of the temporary injunction is limited to deciding whether the trial court clearly abused its discretion in granting the order; we are not to resolve the merits of the underlying case. *Davis*, 571 S.W.2d at 861–62; *Henderson*, 822 S.W.2d at 773. If the parties presented conflicting evidence at the hearing, we will not find the trial court abused its discretion in entering its order. *Davis*, 571 S.W.2d at 862. We will not substitute our judgment for that of the trial court, but will limit our review to whether the court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.; Henderson*, 822 S.W.2d at 773. The trial court abuses its discretion when it misapplies the law to established facts or when it concludes the applicant has a probable right of recovery and the conclusion is not reasonably supported by the evidence. *Southwestern Bell Tel. Co.*, 526 S.W.2d at 528; *Henderson*, 822 S.W.2d at 773.

In three points of error, Metcalfe asserts that the trial court abused its discretion because Walling did not show a probable right of recovery, and that the injunction is void because it is contrary to mandatory provisions of Texas law. We find that the trial court abused its discretion because Walling's cause of action does not support injunctive relief.

### No cause of action relating to the relief

 Although Walling asserts in his brief that he seeks specific performance of the option clause of the contract, his petition contains no such request. His pleading, as noted above, is an amended original petition for injunction and *money damages*. In this petition, he refers repeatedly to Metcalfe's alleged breaches of contract and states at one point, "[Metcalfe's] breaches of the contract have resulted and will result in damages to Plaintiff far in excess of the minimum jurisdictional limits of this Court, both in lost revenues and in damage to his business reputation." In his prayer, in addition to injunctive relief, Walling asks for *damages;* nowhere in his amended petition does he ask for specific performance of the option clause.

■ To be entitled to a temporary injunction, Walling had to show, among other things, that he had a cause of action entitling him to the final relief he seeks by injunction. *Sun Oil Co.*, 424 S.W.2d at 218; *cf. Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (1993) (the Supreme Court reversed a permanent injunction based on negligent infliction of emotional distress, because no such cause of action exists in Texas). The relief the court granted Walling by the injunction must relate to his cause of action.[1] *Valenzuela*, 853 S.W.2d at 513. Walling only pled for money damages; Walling did not plead for specific performance of the option clause. Thus, by giving him control of the business until the date of trial, the court gave him relief to which he is not entitled under his pleadings. By the injunction, Walling has been given complete control over Metcalfe's business. Under the injunction, Metcalfe can have no access to his business until after the trial on the merits in December 1993.

### Adequate remedy

■ To be entitled to the issuance of a temporary injunction, Walling also had to show he had no adequate remedy at law for damages. *Henderson*, 822 S.W.2d at 773. An injunction will not issue if damages are sufficient to compensate the plaintiff for any wrong committed by the defendant and if the damages are subject to measurement by an ascertainable pecuniary standard. *Tom James Co. v. Mendrop*, 819 S.W.2d 251, 253 (Tex.App.—Fort Worth 1991, no writ). In his lawsuit, Walling asks for money damages for breach of contract, rather than the equitable remedy of specific performance. The trial court therefore granted injunctive relief to which Walling was not entitled.

### Preservation of error

■ In his brief, Metcalfe had a general point of error challenging the injunction as an abuse of discretion because Walling did not show a probable right to recover. Metcalfe did not, however, have a point of error that specifically argued that Walling's cause of action did not support injunctive relief. Under TEX.R.APP.P. 42(c), however, we may allow an accelerated appeal such as this one to be submitted without briefs. If we can rule on an accelerated appeal in which no briefs have been filed, by extension, we can rule on issues in accelerated appeals that were not raised in briefs. See, for example, cases reversing for failure to comply with TEX.R.CIV.P. 683, even without a point of error.[2] *Permian Chemical Co. v. State*, 746 S.W.2d 873, 874 (Tex.App.—El Paso 1988, writ dism'd w.o.j.); *Arrechea v. Plantowsky*, 705 S.W.2d 186, 189 (Tex.App.—Houston [14th Dist.] 1985, no writ); *but see Lagrone v. John Robert Powers Schools, Inc.*, 841 S.W.2d 34, 37 n. 4 (Tex.App.—Dallas 1992, no writ) (declining to follow *Arrechea* and *Permian Chemical*). We find that we can rule on this issue even though Metcalfe did not specifically raise it by point of error.

We reverse the order of the trial court granting the temporary injunction and remand the case to the trial court to dissolve the temporary injunction.

COHEN, J., dissenting.

COHEN, Justice, dissenting.

The majority makes two holdings with which I disagree. Therefore, I respectfully dissent.

The first holding is that Walling was not entitled to the injunction placing him in complete control of the business because he did not plead for specific performance of the option contact. While Walling's pleadings did not request specific performance,

1. To illustrate, if Walling had been a plaintiff seeking damages in a personal injury suit against Metcalfe for an injury that occurred at Metcalfe's place of business, he would not have been entitled to an injunction to run Metcalfe's business until trial. In this lawsuit, with pleadings that support only damages, he is similarly not entitled to an injunction to run Metcalfe's business until trial.

2. This is not such a case. We cite these cases only as an example of our ability to reverse where no error has been assigned.

Metcalfe did not object in the trial court, and has not brought a point of error to this court, attacking the injunction for that reason. Under these circumstances, I would hold that the issue of specific performance was tried by consent, under Tex.R.Civ.P. 67.

Second, the majority holds that, "If we can rule on an accelerated appeal in which no briefs have been filed, by extension, we can rule on issues in accelerated appeals that were not raised in briefs." I disagree for two reasons. First, we may rule in cases without briefs only when, under Tex. R.App.P. 42(c), we "allow the case to be submitted without briefs." We have not allowed this case to be submitted without briefs. No party requested that, and we did not order it. This case was submitted with briefs; thus, the issue is whether in a case where briefs have been filed, we can reverse a judgment for a reason not raised in a point of error. The Supreme Court has held that we cannot. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex.1990); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990).

I agree with the majority that Walling should have requested specific performance of the option, if he expected an injunction putting him in control of the business. It was appellant's burden, however, to raise this complaint in the trial court, under Tex.R.App.P. 52(a), and in this court, under Tex.R.App.P. 74(d), (f). As we said on another occasion, "We do not represent the appellant; therefore, it is inappropriate that we "look" for error." *Henry S. Miller Management Corp. v. Houston State Assoc.*, 792 S.W.2d 128, 134 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (op. on reh'g). Neither do we represent the appellant in this case. Therefore, I would not reach out to reverse this case for reasons not mentioned in the trial court or here.

I would affirm the judgment.