**Opinion issued January 20, 2022.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00749-CV

———————————

**KELLY CLARK, ALAN SWINDOLL, COURTNEY SWINDOLL AND ALS ASSOCIATES, INC., Appellants**

**V.**

**HASTINGS EQUITY PARTNERS, LLC, AXIOS INDUSTRIAL GROUP, LLC AND A&L ULTIMATE HOLDINGS, LLC, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-57652**

---

# O P I N I O N

In this accelerated interlocutory appeal, Appellants Kelly Clark, Alan Swindoll, Courtney Swindoll, and ALS Associates, Inc. ("Appellants") appeal the trial court's granting of temporary injunctive relief in favor of Appellees Hastings

Equity Partners, LLC, Axios Industrial Group, LLC, and A&L Ultimate Holdings, LLC ("Appellees").[1] In two issues, Appellants challenge the validity of the temporary injunction order and the sufficiency of the $250,000 temporary injunction bond set by the trial court. They argue the trial court's grant of temporary injunctive relief (1) is void because the order does not comply with the mandatory requirements of Texas Rule of Civil Procedure 683, and (2) even if not void, it should be reversed and remanded to the trial court because the order is overbroad, impermissibly vague, and unsupported by the evidence.

We hold the temporary injunction order violates Rule 683 and is thus void. We dissolve the injunction and remand the case to the trial court.

## Factual Background

This appeal involves claims stemming from a series of corporate transactions. Alan Swindoll ("Swindoll") owned two companies that provide sandblasting, painting, and related services for petroleum facilities, chemical plants, and other industrial operations: A&L Sandblasting & Painting, Inc. ("Old A&L") and ALS Associates, Inc. ("ALS"). In 2018, Swindoll, Kelly Clark ("Clark"), Courtney Swindoll ("C. Swindoll"), and ALS entered into a Securities Purchase Agreement ("SPA") with Hastings IV Splitter (A&L), LLC ("Splitter") pursuant to which

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4) (authorizing interlocutory appeal from order granting temporary injunction).

Swindoll sold his interest in Old A&L. Under the SPA, a new entity, A&L Ultimate Holdings, LLC ("A&L Ultimate"), obtained ownership of Old A&L and Splitter obtained control of A&L Ultimate. Splitter obtained 70% of the outstanding equity interest in A&L Ultimate, Swindoll retained 28%, and Clark and C. Swindoll each retained 1%. Swindoll received a cash payment of approximately $16,000,000 as part of the sale and a bonus of $6,400,000. Under the SPA, Swindoll, Clark, C. Swindoll, and ALS agreed to certain non-competition and non-solicitation covenants, with certain noted exceptions and carveouts.

In June 2020, A&L Ultimate merged with Axios Industrial Group, LLC ("Axios"), an industrial services company. According to Appellants, as part of this merger, Splitter "traded its majority stake to become a minority owner" of A&L Ultimate. Appellants contend that after the merger, Splitter and Axios actively worked together and "have forced Clark and Swindoll out of the business entirely." ALS gave notice of early termination under the SPA. It argued that, given Splitter's transfer of its majority interest, ALS's "ability to compete ended," an issue Appellees dispute.

**Procedural Background**

In September 2020, the parties filed separate suits against each other. Appellants Clark, Swindoll, and ALS sued Hastings Equity Partners, LLC, A&L Ultimate, and Axios seeking declaratory relief involving the enforceability and

3

scope of the restrictive covenants in the SPA. They also asserted claims for civil theft and misappropriation. In turn, Axios, Splitter, and A&L Ultimate filed a separate suit against Swindoll, Clark, C. Swindoll, and ALS for breach of the same restrictive covenants and requesting injunctive relief. The two suits were eventually consolidated.

Appellees Splitter, A&L Ultimate, and Axios filed an application for temporary injunction against Appellants Clark, Swindoll, C. Swindoll, and ALS in the consolidated action. On October 15 and 16, 2020, the trial court conducted a hearing on the application, at which both sides appeared and presented evidence. On October 16, 2020, the trial court issued a temporary injunction order ("October Order") prohibiting Appellants from, among other things:

(i)    engaging in any business involving the furnishing of scaffolding, insulation, sandblasting and painting to industrial or commercial customers in Texas and/or Louisiana, except as provided below;

(ii)    soliciting or inducing by any means any customer of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC to enter into or engage in any business with Respondents or any affiliated entity, except as provided below;

(iii)    soliciting or inducing by any means any customer of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC to cease doing business or cancelling any existing business relationship with any of the Petitioner entities;

4

(iv)      soliciting or inducing by any means any employee or independent contract laborer of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC to resign or terminate their employment with any of the Petitioner entities or offer employment of any nature to any such individual with or for Respondents or any affiliated entity[.]

The October Order also contains what the parties call a carveout provision. It provides that "[t]he foregoing notwithstanding," Appellants "shall be entitled to provide and they are not restrained from providing" the following:

(i)      Civil services of the type currently described on https://alsindustrial.com;

(ii)      Mechanical, welding or fabrication services;

(iii)      Painting, insulation and sandblasting related to new tanks fabricated and supplied for tank builders, provided that such work or services are done in Respondents' shop facilities in Rosharon, Texas or inside a tank terminal or facility.

The order also set a $250,000 temporary injunction bond.

Appellants filed an emergency motion seeking to modify the October Order and a motion to stay, along with a proposed temporary injunction order with their requested modifications. Appellants argued Appellees had waived and released the non-compete restrictions in the SPA and therefore, the injunction should be dissolved. They further argued that the October Order was impermissibly vague, restricted conduct not prohibited by any agreement, and granted relief not supported by the evidence.

5

Appellants asserted that paragraph (iv) of the October Order concerning solicitation of employees prohibited conduct beyond that restricted by the SPA and was not supported by evidence of any purported violation or resulting harm. They also argued that paragraph (ii) of the October Order carveout, allowing Appellants to provide "[m]echanical, welding or fabrication services," was too narrow, vague, and lacked specificity over whether certain important incidental services such as scaffolding were allowed, and further that the carveout in paragraph (iii) allowing "[p]ainting, insulation and sandblasting" was too narrow and contrary to the evidence. Appellants also asked the trial court to increase the bond amount from $250,000 to $1,250,000.

In response to Appellants' motion, the trial court issued an "Order" on November 2, 2020 ("November Order") that "clarified and "amended" certain provisions in the October Order. The trial court did not sign the proposed order submitted by Appellants in support of their motion for modification. Instead, the trial court drafted its own order, making substantive changes to the scope of the restrictions in the October Order. The November Order states in its entirety:

## **ORDER**

On November 2, 2020, the Court considered *Plaintiff's Emergency Motion to Modify Temporary Injunction and Motion to Stay*, filed October 23, 2020, together with *Plaintiff's Supplement to Their Emergency Motion to Modify Temporary Injunction and Motion to Stay*, *and Objection to Temporary Injunction Bond*, filed October 29,

2020. Defendants filed their original response in opposition on October 26, 2020.

In consideration of the matters raised by Alan Swindoll, Courtney Swindoll, Kelly Clark, and ALS Associates, LLC in the present motions, the response thereto, and the evidence presented on October 15 and 16, 2020, the Temporary Injunction signed herein on October 16, 2020, is clarified and amended as follows.

The injunction expressed in sub-paragraph (iv), at page two, is clarified and amended to allow ALS Associates LLC to hire and/or to solicit for hiring any former employee or contractor of Axios Industrial Group, LLC, A&L Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and/or Streamline Services, LLC (a) after the expiration of 90 days following said person's permanent termination from employment or contract relationship at the instance of Axios Industrial Group, LLC, A&L Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and/or Streamline Services, LLC; or, (b) after 180 days following the resignation or termination of the relationship of such employee or contractor of such relationship at his/her or its initiation.

Sub-paragraph (ii) under the paragraph beginning "The foregoing notwithstanding" on page 2 of the Temporary Injunction is amended to clarify that the permitted performance of "mechanical, welding or fabrication services" includes such additional functions as routinely and necessarily accompany the provision of such services in common practice in the industry. Such additional functions include the provision and use of necessary tools, equipment and materials, so long as same are provided and used directly in association with "mechanical, welding or fabrication services.

It is further Ordered that the request of Alan Swindoll, Courtney Swindoll, Kelly Clark and ALS Associates, LLC for modification of the injunction bond is denied, as the evidence presented to support a greater bond was not sufficiently definite to support a greater amount.

7

It is further Ordered that the request of Alan Swindoll, Courtney Swindoll, Kelly Clark and ALS Associates, LLC to stay enforcement of the Temporary Injunction pending appeal is denied.

This interlocutory appeal ensued.[2]

## Validity of the Temporary Injunction

In their first issue, Appellants argue that the November Order replaced the October Order as the operative temporary injunction order and because the November Order violates the mandatory requirements of Texas Rule of Civil Procedure 683, the order is void. Appellees contend that because the November Order merely clarified and amended the October Order, the two orders should be construed together as one document, and together, the two orders satisfy the procedural requirements of Rule 683.

## A.   Standard of Review and Applicable Law

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Temporary injunctions are an extraordinary remedy and do not issue as a matter of right. *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)). To obtain a temporary injunction, an

---

[2]   Appellants filed a notice of appeal from the October Order on October 29, 2020. After the court issued its order on November 2, 2020, Appellants filed an unopposed motion asking this Court to review the November Order pursuant to Texas Rule of Appellate Procedure 29.6, and also filed a separate notice of appeal in connection with the November Order, which was assigned to this Court under the same appellate cause number.

8

applicant need not establish that it will prevail upon a final trial on the merits, but it must plead and prove that it (1) has a cause of action against the opposing party; (2) has a probable right on final trial to the relief sought; and (3) faces probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *Hoist Liftruck Mfg., Inc. v. Carruth–Doggett, Inc.*, 485 S.W.3d 120, 122 (Tex. App.—Houston [14th Dist.] 2016, no pet.)

Although the decision whether to grant or deny a request for a temporary injunction is committed to the sound discretion of the trial court, once the court decides to grant injunctive relief, the order itself must, among other things, state the reasons for its issuance and set the cause for trial on the merits. *See* TEX. R. CIV. P. 683; *Conlin v. Haun*, 419 S.W.3d 682, 685–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing TEX. R. CIV. P. 683). Rule 683, which governs the form and scope of injunctions and temporary restraining orders, also requires that a temporary injunction order specifically set forth the reasons the trial court believes irreparable injury will result absent an injunction preserving the status quo pending a trial on the merits and it must "describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683. These requirements are mandatory and an order that violates Rule 683 "is subject to being declared void and dissolved."[3] *Qwest Commc'ns Corp. v. AT & T*

---

[3] Texas Rule of Civil Procedure 683 states:

9

*Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *see also Hoist Liftruck Mfg.*, 485 S.W.3d at 122–23; *Conlin*, 419 S.W.3d at 686.

## B.     Analysis

As an initial matter, we must first determine whether, as Appellants contend, the November Order superseded the October Order or whether, as Appellees claim, the October and November Orders should be read together as a single injunction subject to our review.

### 1.     Identifying the Temporary Injunction Order

Appellants argue that the November Order superseded the October Order, and therefore, we must look solely to the November Order in conducting our Rule 683 analysis.  Appellees respond that because the November Order merely amended and clarified the October Order, the two orders comprise the trial court's "injunction order" and we can treat the two as one for purposes of our Rule 683 analysis.

---

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
>
> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

Tex. R. Civ. P. 683.

Relying on our decision in *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2003, no pet.), Appellants argue that an order that modifies a temporary injunction replaces the original temporary injunction order. *See id.* at 689; *see also McDowell v. McDowell*, No. 02-16-00038-CV, 2016 WL 4141029, at *1 (Tex. App.—Fort Worth Aug. 4, 2016, no pet.) (mem. op.) ("An amended or modified temporary injunction supersedes and implicitly vacates a prior temporary injunction."). But we did not hold in *Ahmed*, like Appellants contend, that a modified temporary injunction order always supersedes an earlier order. Rather, we held that because the second order in that case was a "complete temporary injunction in itself," it had superseded the first order. *Ahmed*, 99 S.W.3d at 687. In *Ahmed*, the trial court issued a temporary injunction enjoining Ahmed's activities in connection with certain commission proceeds. The plaintiffs moved to modify the injunction the following month arguing Ahmed had not complied with the injunction requirements. The trial court issued a modified temporary injunction order, "which was substantively similar to the first order." *Id*. Unlike the November Order here, the second order in *Ahmed* not only made substantive changes to the first order, it also fully restated the first temporary injunction order, and thus it was evident the second order superseded the first. As we explained, "other than adding a provision applicable to insurers, reducing [the plaintiffs'] bond, and changing some compliance dates, the modified order was identical to the first" and was thus a

11

"complete temporary injunction in itself concerning the same subject matter." *Id.* "The modified order thus implicitly superseded the earlier order." *Id.* at 687–88. In that respect, the November Order here is unlike the second order in *Ahmed*.

Appellants also rely on *McDowell v. McDowell*, No. 02-16-00038-CV, 2016 WL 4141029 (Tex. App.—Fort Worth Aug. 4, 2016, no pet.) (mem. op.). There, the trial court signed a January 2016 temporary injunction enjoining the McDowells from engaging in certain financial acts. While that order was on appeal, the trial court signed a "Modified Temporary Injunction" in May 2016 that recited that the "January 22, 2016 Temporary Injunction [was] modified." *Id.* at *1. The trial court issued a third order in June 2016, which vacated the May 2016 modified injunction. *Id.* The appellants argued that even though the trial court had vacated the modified order, the court had jurisdiction over their appeal because the original injunction "remained[ed] in place." *Id.* (alteration in original). Rejecting their argument, the court of appeals held that "neither the original temporary injunction, which was implicitly vacated, nor the modified temporary injunction, which the trial court explicitly vacated, may serve as live, appealable orders" and it dismissed the appeal as moot.[4] *Id.* at *2. *McDowell* presents a unique fact pattern and little information

---

[4] The court of appeals relied on *Ahmed*, noting that "[a]n amended or modified temporary injunction supersedes and implicitly vacates a prior temporary injunction." *McDowell v. McDowell*, No. 02-16-00038-CV, 2016 WL 4141029, at *1 (Tex. App.—Fort Worth Aug. 4, 2016, no pet.) (mem. op.).

concerning the content of the subsequent orders and we do not consider it particularly instructive.

We do, however, consider the opinion in *Propst v. Propst*, No. 13-18-00291-CV, 2019 WL 5609964 (Tex. App.—Corpus Christi Oct. 31, 2019, no pet.) (mem. op.), upon which Appellants rely, instructive. In *Propst*, the trial court issued a temporary injunction order in 2016, which the parties did not appeal. *Id.* at *2. After the enjoined party moved to dissolve or modify the temporary injunction, the trial court issued a second order in 2018 containing multiple revisions to the 2016 order. *Id.* The enjoined party appealed the 2018 order, arguing, among other things, that the 2018 order omitted mandatory information required by Rule 683, and further that the order's written reference to the October 2016 order could not cure any deficiencies because it ran afoul of Rule 683. *See id.* at *4–5; TEX. R. CIV. P. 683 (requiring temporary injunction order to "describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained").

In addressing whether it had appellate jurisdiction over the 2018 order, the *Propst* court observed that "a subsequent temporary injunction order which simply extends the initial temporary injunction is not an appealable interlocutory order." *Id.* at *2 (citing TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4)) (authorizing interlocutory appeal from order that "grants or refuses a temporary injunction or

13

grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65"). "A subsequently issued temporary injunction order is an extension of the first order if it (1) seeks only to extend the duration of the injunction, and (2) no substantive changes were made." *Propst*, 2019 WL 5609964, at \*2 (citing TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4)); *see also In re Graybar Elec. Co., Inc.*, No. 13-08-00073-CV, 2008 WL 3970865, at \*13 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.) (holding that where extension order made no substantive modification to original temporary injunction, second order fell "outside the ambit of section 51.014(a)(4) of the civil practice and remedies code"). Finding that the second order did not merely extend the initial temporary injunction, but modified the first order in substantive ways, the *Propst* court held that the 2018 order had started new appellate timetables allowing the appellate court to review the 2018 order.[5] *Propst*, 2019 WL 5609964, at \*3. The court found it significant that the second order had made substantive changes to the first, and in that respect, the second order was not merely a continuation of the first order, but a separate standalone order that the court had jurisdiction to review. *Id.* at \*2 ("Therefore, we

---

[5] Although there was a dispute as to whether the October 2016 order expired by its own prescribed terms when the case did not proceed to trial on May 1, 2017 (the stated trial date of the first order), that issue was not outcome dispositive. *Propst v. Propst*, No. 13-18-00291-CV, 2019 WL 5609964, at \*2 (Tex. App.—Corpus Christi Oct. 31, 2019, no pet.) (mem. op.).

only have jurisdiction to review the appeal if we conclude that changes to the June 2018 order were substantive.").

The court of appeals then addressed whether the 2018 order complied with Rule 683. In conducting its Rule 683 analysis, the court of appeals limited its analysis to the four corners of the second order.[6] The court noted that "[a] subsequent order which only superficially states that material facts from a previous temporary injunction order have been incorporated, although the subsequent order has been substantially changed, does not comply with the specificity requirement of [R]ule 683." *Id.* at *5 (citing TEX. R. CIV. P. 683).

The Fourteenth Court of Appeals' opinion in *Arrechea v. Plantowsky*, 705 S.W.2d 186 (Tex. App.—Houston [14th Dist.] 1985, no writ) is also instructive. There, the trial court issued a temporary injunction against Arrechea in 1982, requiring, among other things, her continued payment of rent for certain premises. *Id.* at 188. The plaintiff, Plantowsky, moved to modify the temporary injunction in 1985, seeking compliance with the original injunction. *Id.* The trial court granted the order, requiring the defendants, including Arrechea, to vacate the premises. *Id.* The defendants appealed the 1985 order, arguing it was void for failure to comply with Rule 683. The court of appeals agreed that the order was void, because, unlike

---

[6] Citing *Ahmed*, the court implicitly found that the modified temporary injunction had replaced the original order. *See Probst*, 2019 WL 5609964, at *5 (citing *Ahmed*, 99 S.W.3d at 689).

15

the original order, the 1985 order did not recite the reasons why the court had issued the injunction. *Id.* at 189. The court noted that, "[a]lthough the [1982] order for the temporary injunction did meet [Rule 683's] requirements, the [1985] order modifying the temporary injunction does not contain specific findings supporting its issuance. Contrary to [Plantowsky's] assertion, the modified order cannot be read in conjunction with the original order to supply the necessary facts." *Id.*

The November Order here states: "In consideration of the matters raised by Alan Swindoll, Courtney Swindoll, Kelly Clark, and ALS Associates, LLC in the present motions, the response thereto, and the evidence presented on October 15 and 16, 2020, the Temporary Injunction signed herein on October 16, 2020, is clarified and amended as follows." Thus, on its face, the November Order purports to clarify and amend the October Order. Whether the November Order can be characterized as "clarifying," "amending," "modifying," or "editing" the October Order, however, the result is the same: the November Order altered the October Order in substantive ways.

Appellees recite at various points in their brief that the November Order left the October Order "intact" and that the November Order merely "edits" the prior order. But that is not the case. The trial court issued the November Order in response to Appellants' motion for modification. The trial court did not merely clarify the original order; it granted Appellants' requested relief in part altering both the nature

16

and scope of the restricted activity–the essence of the injunction. The November Order changed Appellants' restrictions for solicitation of employees and the scope of restricted activity for certain "mechanical, welding or fabrication services," a key issue of contention for the parties. The November Order provides that

> The injunction expressed in sub-paragraph (iv), at page two, is clarified and amended to allow ALS Associates LLC[7] to hire and/or to solicit for hiring any former employee or contractor of Axios Industrial Group, LLC, A&L Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and/or Streamline Services, LLC (a) after the expiration of 90 days following said person's permanent termination from employment or contract relationship at the instance of Axios Industrial Group, LLC, A&L Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and/or Streamline Services, LLC; or, (b) after 180 days following the resignation or termination of the relationship of such employee or contractor of such relationship at his/her or its initiation.
>
> Sub-paragraph (ii) under the paragraph beginning "The foregoing notwithstanding" on page 2 of the Temporary Injunction is amended to clarify that the permitted performance of "mechanical, welding or fabrication services" includes such additional functions as routinely and necessarily accompany the provision of such services in common practice in the industry. Such additional functions include the provision and use of necessary tools, equipment and materials, so long as same are provided and used directly in association with "mechanical, welding or fabrication services.

---

[7] We note that while the November Order changed the scope of restricted activity under paragraph (iv) for ALS Associates LLC, the October Order enjoined not only ALS Associates, LLC under paragraph (iv), but also "Alan Swindoll, Courtney Swindoll, [and] Kelly Clark." The November Order does not clarify whether the restriction under paragraph (iv) of the October Order remain in place for those parties.

Given the substantive nature of these changes, in accord with *Propst* and *Arrechea*, we conclude that the November Order is the operative order for purposes of our Rule 683 analysis.

## 2. Compliance with Rule 683

Rule 683 governs the form and scope of injunctions and temporary restraining orders. TEX. R. CIV. P. 683. Pursuant to Rule 683, a temporary injunction order must state the reasons for its issuance. *Id.* The order must also set forth the reasons the trial court believes irreparable injury will result if an injunction preserving the status quo pending a trial on the merits is not granted. *Id.* And the temporary injunction order must "describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." *Id.* These requirements are mandatory and an order that does not comply with Rule 683 "is subject to being declared void and dissolved." *Qwest Commc'ns Corp.*, 24 S.W.3d at 337.

The November Order, standing alone, does not contain a trial setting or specifically state the reasons for its issuance. It also fails to include the reasons the trial court believes irreparable injury will result absent the granting of the injunction. These undisputed deficiencies render the order fatally defective and void.[8] *See*

---

[8] Appellees do not dispute that the November Order fails to comply with Rule 683. Instead, they argue that Appellants are estopped from complaining about the November Order's failure to comply with Rule 683 because Appellants moved to

*Conlin*, 419 S.W.3d at 687 (holding agreed temporary injunction order was void because it did not set case for trial as required by Rule 683); *see also Hoist Liftruck Mfg.*, 485 S.W.3d at 123 (holding temporary injunction order that did not state reason for its issuance or address why irreparable injury would result absent injunction was void because it did not comply with Rule 683); *In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding failure to contain trial date voided order).[9]

---

modify the October Order, not Appellees. We disagree. Because an order that violates the mandatory requirements of Rule 683 is void, a party cannot waive compliance by consent or be estopped from challenging the order's failure to comply with these requirements. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (stating "procedural requirements [of Rule 683] are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved"); *see also, e.g.*, *Conlin v. Haun*, 419 S.W.3d 682, 687 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (rejecting argument that party was estopped from complaining about agreed temporary injunction's failure to comply with mandatory requirements of Rule 683); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 n.1 (Tex. App.—Dallas 2008, no pet.) ("Because a temporary injunction that fails to comply with rule 683 is void, a party cannot waive the error in the order by agreeing to the form of the order, as the parties did in this case, or to the substance of the order."). Indeed, even where a party does not raise the issue, courts may sua sponte declare a temporary injunction order void if it does not comply with Rule 683. *See City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.) ("An appellate court can declare a temporary injunction void even if the issue has not been raised by the parties.").

[9] The concurring opinion suggests there is disagreement among our sister courts over whether failure to comply with the requirements of Rule 683 renders an order void or merely voidable. While there is a split of authority among our sister courts involving Rule 683, it concerns only whether a party must preserve error on a complaint that a temporary injunction order fails to comply with Rule 683—an issue not present here. *See Hoist Liftruck Mfg., Inc. v. Carruth–Doggett, Inc.*, 485 S.W.3d 120, 124–25 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (Frost, C.J., concurring) (compiling cases illustrating split of authority among courts of appeals

Appellees contend that nonetheless, the November Order satisfies the requirements of Rule 683 because injunction orders "need not be limited to a single document personally written by the judge on a single occasion" and thus we can also consider the October Order in our analysis. They cite to cases where documents were attached to the issued injunction. Appellees are correct that Rule 683 is not violated when referenced documents are attached to the injunction and their terms incorporated into the injunction, but that is because, as courts repeatedly have explained, in those cases, the attachments become part of the injunction itself. *See Layton v. Ball*, 396 S.W.3d 747, 753 (Tex. App.—Tyler 2013, no pet.) ("Rule 683 is not violated when documents are attached to the injunction and referred to it as part of the injunction, because the attachments become part of the injunction itself."); *Tex. Pet Foods, Inc. v. State*, 529 S.W.2d 820, 829 (Tex. Civ. App.—Waco 1975,

on issue of whether party must preserve error on complaint that temporary injunction order fails to comply with Rule 683). The Texas Supreme Court and all Texas intermediate courts of appeals have held unanimously that a temporary injunction that violates Rule 683 is void. *See e.g., In re Luther*, 620 S.W.3d 715, 723–24 (Tex. 2021) (stating that "strict compliance with Rule 683" is required and holding temporary restraining order that did not strictly comply with Rule 683's specificity requirement was "void"); *see also Conlin*, 419 S.W.3d at 686–87. Indeed, even intermediate courts of appeals that require preservation acknowledge that an injunction order that does not strictly comply with Rule 683 is void. *See generally Hegar v. Zertuche Constr., LLC*, No. 03-19-00238-CV, 2021 WL 219302, at *3 (Tex. App.—Austin Jan. 22, 2021, no pet.) (mem. op.) (holding injunction order that did not set cause for trial on merits as required by Rule 683 was void); *Tex. Tech Univ. v. Finley*, 223 S.W.3d 510, 515 (Tex. App.—Amarillo 2006, no pet.) (holding order that functioned as injunction was void because it did not set cause for trial on merits as required by Rule 683).

20

writ ref'd n.r.e.) ("The order incorporates the statutes which are attached to it and are a part of it. The attachments are part of the order. The order is complete within itself. Rule 683 is not violated."); *see also Parham Family Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 789 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("The order at issue here does not simply refer to another document; rather, it attaches the deed as an exhibit to the temporary injunction."). That is not the case here. Although the November Order references the October Order, unlike in *Parham Family Limited Partnership*, *Layton*, and *Texas Pet Foods*, upon which Appellees rely, the October Order is not attached to the subsequent order nor are its terms incorporated by reference. *See Parham Family Ltd. P'ship*, 434 S.W.3d at 789 (document attached as exhibit to order); *Layton*, 396 S.W.3d at 753 (document attached as exhibit to order); *Tex. Pet Foods, Inc.*, 529 S.W.2d at 829 (statute attached to order).

Appellees argue this matters little because Appellants "possessed both documents." But this misses the point. The purpose of Rule 683 is to ensure that an enjoined party is given adequate notice in the order itself, and not by reference to other documents, "of the acts they are enjoined from doing." TEX. R. CIV. P. 683. This is an express mandatory requirement and we are not at liberty to ignore it. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (describing requirements of Rule 683 as "mandatory"). That counsel or parties to the case may have constructive notice of the trial court's orders or relevant documents is irrelevant. Injunctions, like the ones

21

in this case, frequently restrain the conduct of more than just the named parties to the suit. For that reason, Rule 683 provides that an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive *actual notice* of the order by personal service or otherwise." TEX. R. CIV. PROC. 683 (emphasis added). The purpose of Rule 683 is to ensure the order itself notifies all restrained parties "unambiguously and with a reasonable degree of specificity, of the conduct to be restrained." *In re Luther*, 620 S.W.3d 715, 723 (Tex. 2021). Restrained parties should be able to pick up a temporary injunction order, read it, understand it, and not have to guess about what they are prohibited from doing upon threat of contempt. *See generally TMRJ Holdings, Inc. v. Inhance Techs., LLC*, 540 S.W.3d 202, 213 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("Requiring that an enjoined party search for evidence to understand what conduct is enjoined undermines the purposes of an injunction, which are to remedy specific harm and to provide notice of the prohibited conduct.").

Appellees also argue that the October and November Orders should be read together and treated as one injunction because the trial court intended for both orders to be read together. Appellants have directed us to cases rejecting this approach. *See Propst*, 2019 WL 5609964, at *5; *Arrechea*, 705 S.W.2d at 189 ("[T]he modified order cannot be read in conjunction with the original order to supply the necessary

22

facts."); *see also Cooper Valves, LLC v. ValvTechs., Inc.*, 531 S.W.3d 254, 266 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding injunction that prohibited disclosure of "confidential and trade secret information" by referencing two-page list of information was "impermissibly vague, fail[ed] to provide adequate notice to appellants of the acts they are restrained from doing in terms not subject to reasonable disagreement, and therefore violate[d] Rule 683's specificity requirement"). Conversely, Appellees have not cited a case in which a court approved the reading of two separate injunction orders issued on different dates as one for purposes of a Rule 683 analysis.[10] Given the mandatory nature of Rule 683, including its express prohibition against referring to other documents for purposes of describing the acts sought to be restrained, we are not inclined to make an exception here.

Appellees' arguments concerning the trial court's subjective intent are likewise misplaced because the trial court's intentions are not relevant in analyzing whether an injunction satisfies the requirements of Rule 683. Indeed, even when parties agree to the language and entry of an injunction order, the order's failure to comply with Rule 683 will render the order void. That is because parties cannot

---

[10] Although the issue is not dispositive, we note that while the November Order mentions the October Order ("the Temporary Injunction signed herein on October 16, 2020, is clarified and amended as follows"), it does not incorporate by reference either the October Order or any of its terms.

waive the mandatory requirements of Rule 683 by consent. *See In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding) (holding that "a party who agrees to a void order has agreed to nothing" and finding parties' agreed injunction void for failure to comply with Rule 683). Thus, regardless of intentions, Rule 683 requires a trial court to fashion a temporary injunction order that complies with its requirements. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *see State v. Cook United, Inc.*, 464 S.W.2d 105, 107 (Tex. 1971) (Calvert, J., concurring) ("The requirement in Rule 683 that the reasons for issuing an injunction be stated in the order could hardly be couched in stronger language. It is mandatory.").[11]

Appellees' reliance on *Price Construction, Inc. v. Castillo*, 147 S.W.3d 431 (Tex. App.—San Antonio 2004, no pet.) is misplaced. *Price Construction* addresses changes or modifications made to final judgments. *Id.* at 440–41. Unlike temporary injunctions, final judgments are not subject to the mandatory requirements of Rule

---

[11] *See In re Chaumette*, 456 S.W.3d 299, 306 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (holding temporary injunction order void because it did not comply with Rule 683's requirements); *Conlin v. Haun*, 419 S.W.3d 682, 687 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (same); *see also Dodd v. Evergreen Nat'l Constr., LLC*, No. 01-16-00974-CV, 2017 WL 2645041, at *3 (Tex. App.—Houston [1st Dist.] June 20, 2017, no pet.) (mem. op.) (same); *Harris v. Taylor*, No. 01-15-00925-CV, 2016 WL 4055688, at *6 (Tex. App.—Houston [1st Dist.] July 28, 2016, no pet.) (mem. op.) (same); *Tatum v. Wells Fargo Home Mortgage, Inc.*, No. 01-13-00855-CV, 2014 WL 7474074, at *12 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.) (same); *Lasser v. Amistco Separation Prods., Inc.*, No. 01-13-00690-CV, 2014 WL 527539, at *6–7 (Tex. App.—Houston [1st Dist.] Feb. 6, 2014, no pet.) (same).

683 and they are governed by different procedural rules and requirements. *See* Tex. R. Civ. P. 301 (governing judgments); *see also generally Price Constr.*, 137 S.W.3d at 441 ("Any change in a judgment made during the trial court's plenary power is treated as a modified or reformed judgment that implicitly vacates and supersedes the prior judgment, unless the record indicates a contrary intent.").[12]

Furthermore, even if we were to read the October and November Orders together, as Appellees argue, the resulting injunction would still be void. To comply with Rule 683, a trial court must set out in the temporary injunction order the reasons the court finds it proper to issue the injunction, including the reasons the applicant will suffer irreparable harm if the injunction does not issue. Tex. R. Civ. P. 683. It is not enough simply to recite that irreparable harm will ensue; the trial court must explain the reasons *why* such injury will result. *Cook United*, 464 S.W.2d at 106; *see also City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708 (Tex. App.—Corpus Christi 2010, no pet.) ("When a temporary injunction is based in part on a showing that the applicant would suffer irreparable harm if the injunction

---

[12] Rather than focusing on the mandatory provisions of Rule 683, Appellees and our concurring colleague invite us to focus on common law and procedural rules governing final judgments. Because Rule 683 addresses specifically the requirements necessary for injunctive orders, and the Texas Supreme Court has spoken clearly on the mandatory nature of this rule, we decline the invitation.

25

is not issued, Rule 683 requires the order to state precisely *why* the applicant would suffer irreparable harm.").

The October Order states, "The Respondents have violated certain covenants contained in the said Securities Purchase Agreement and will, if not restrained, likely engage in conduct that will cause Petitioners to suffer immediate and irreparable injury, loss or damage; and . . . the threatened damage to Petitioners is impossible to accurately and fully assess." This conclusory explanation as to why Appellees will suffer irreparable harm does not satisfy Rule 683. *See El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744–45 (Tex. App.—Dallas 2011, no pet.) ("The trial court's temporary injunction order simply recites the conclusory statement that Jireh Star has shown that it will suffer an irreparable injury for which it has no other adequate legal remedy. That conclusory statement does not satisfy the rule 683 requirement that a temporary injunction order specify the reasons why the applicant will suffer irreparable harm for which there is no adequate remedy at law."); *City of Corpus Christi*, 311 S.W.3d at 710 (holding order stating, "the demolition of said Memorial Coliseum will cause immediate and irreparable harm to Friends," violated the specificity requirements of Rule 683 and was therefore, "void and of no effect"); *see also In re Chaumette*, 456 S.W.3d 299, 305 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (holding order with statement, "The Court finds . . . Plaintiff will suffer irreparable injury for which he has no legal remedy if this injunction is not

26

granted," violates specificity requirements of Rule 683 and is void); *SISU Energy, LLC v. Hartman*, No. 02-19-00436-CV, 2020 WL 4006725, at *15 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.) (holding order enjoining party from, among other things, contacting or soliciting applicants' customers and hiring or soliciting applicants' employees was void because it failed "to specify any immediate, irreparable injury for which [the applicants] have no adequate remedy at law"). The November Order, which does not address the issue of irreparable harm, does not cure this deficiency. Thus, even if we considered the October and November Orders together, we would still dissolve the injunction. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (stating Rule 683's requirements are mandatory and order that does not comply with these requirements "is subject to being declared void and dissolved"); *see also El Tacaso, Inc.*, 356 S.W.3d at 746–47.

We conclude that the November Order is the operative order before the Court. Focusing on the four corners of the November Order, as we must, we hold that the order fails to comply with the requirements of Rule 683. The order is thus void.[13]

---

[13] Because of our disposition, it is not necessary to address Appellants' remaining issues. *See* TEX. R. APP. P. 47.1.

27

## Conclusion

We declare that the November temporary injunction order is void, we dissolve the injunction, and we remand the case to the trial court for further proceedings.[14] We dismiss any pending motions as moot.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

J. Goodman, concurring.

---

[14] This dissolution is without prejudice as to future relief the parties may seek.